HUNTER, APPELLANT, *v.* THE STATE OF OHIO, BUREAU OF MOTOR VEHICLES, ET AL., APPELLEES.

[Cite as Hunter v. State (1970), 25 Ohio Misc. 117.]

(No. 16407—Decided June 4, 1970.)

Girard Municipal Court.

*Mr. Edward Roberts,* for appellant.
*Mr. Raymond E. Schryver, Jr.,* assistant county prosecutor, for appellees.

LUARDE, J. This case came on to be heard before this court on the 13th day of May, 1970, on the petition of the plaintiff, Patricia A. Hunter, of Girard, Ohio, appellant herein, praying for an order of the court to find error in the action taken by the Registrar of Motor Vehicles suspending her driver's license for a period of six months by reason of her refusal to submit to a chemical test following her arrest on March 6, 1970, on a charge of driving a motor vehicle while under the influence of alcohol. At the conclusion of the hearing plaintiff made a motion to the court to dismiss the petition filed by the officer with the Registrar of Motor Vehicles on the ground of error.

The principal contention of the plaintiff is that there was no refusal to take a chemical test, since she stated at

the State Highway Patrol Barracks in Warren, Ohio, where she was taken following her arrest, and when asked to submit to the chemical test in the presence of the officers, that she would do nothing until she saw her attorney, Mr. Edward Roberts, and by reason thereof there was no refusal to take the test.

Upon due consideration of the testimony in this case, the court finds that the plaintiff has failed to show error in the action taken by the Registrar under the provisions of R. C. 4511.191, and particularly subsection (D) thereof, as amended effective March 10, 1968, and the plaintiff's motion to dismiss is overruled and her petition denied.

At the hearing the plaintiff called as her witness Dr. Henry Shorr of Girard, Ohio, who testified that he examined the plaintiff between 11 and 12 p. m. on the date of the alleged violation and found that she was slightly confused, was suffering from a headache, had a chest contusion and cervical sprain, and a slight concussion; that she could not remember whether she had lost consciousness at the time of the accident in which she was involved. The time of the violation was approximately 5:35 p. m. on March 6, 1970, and she was placed under arrest at about 6:10-6:15 p. m. and she was asked to take the chemical test at about 7 p. m., all of which is noted in the State Highway Patrol's Notification of Refusal to Submit to Chemical Test, state's Exhibit No. 1, signed by the arresting officer, Patrolman W. C. Smith. Dr. Shorr, on cross-examination by the Prosecuting Attorney, testified that no blood test was taken of the plaintiff, and he testified that he did not know she was intoxicated and that he did not think it would show up at 11 p. m. when he made the examination. The Doctor testified further that the symptoms of brain concussion and alcoholism are similar.

### LAW OF THE CASE

With regard to the contention of the plaintiff that she did not actually refuse to take the test because she asked that she be given an opportunity to confer with her counsel, and, secondly, that her physical condition was such following the accident that she could not possibly

have comprehended the consequences of any refusal to take the test as required by subdivision (D) of R. C. 4511.191, the Implied Consent Statute, the court wishes to point out, first, that under the provisions of the Implied Consent Statute, subsection (A):

"(A) Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol. The test or tests shall be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.

"(B) Any person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn consent provided by Division (A) of this section and the test or tests may be administered, subject to sections 313.11 to 313.16 inclusive, of the Revised Code."

Counsel for plaintiff has cited to the court, in his brief in support of the motion to dismiss, the case of *City of Columbus* v. *Mullins* (1954), 162 Ohio St. 419, on the question of refusal. This case was distinguished in the case of *Westerville* v. *Cunningham*, 15 Ohio St. 2d, 121. In that case the court held:

"1. The refusal of one accused of intoxication to take a reasonably reliable chemical test for intoxication may have probative value on the question as to whether he was intoxicated at the time of such refusal. (*Columbus* v. *Mullins*, 162 Ohio St. 419, distinguished.)

"2. One accused of intoxication has no constitutional right to refuse to take a reasonably reliable chemical test for intoxication. (*Schmerber* v. *California*, 384 U. S. 757, followed.)

"3. The admission of evidence that one accused of intoxication refused to take a reasonably reliable chemical test for intoxication and comment thereon by counsel, do not violate any constitutional privilege against self-incrimination. (*Griffin* v. *California*, 380 U. S. 609, distinguished.)"

As to the right of one accused of intoxication to confer with counsel or to be advised by counsel, before submitting to a requested chemical test, the court wishes to point out the following cases:

*Story* v. *Hults* ((1967), 19 N. Y. 2d 936, 281 N. Y. S. 2d 342, 228 N. E. 2d 398. Motor vehicle administrator was authorized to revoke operator's license of motorist, arrested for driving while in intoxicated condition, for refusal to submit to a breath test under implied consent law, despite the fact officers had not allowed him to consult with his attorney before he made his refusal.

*Capler* v. *City of Greenville* (Miss.-1968), 207, So. 2d 339. Motorist arrested for driving while under the influence of intoxicants did not have the right to be advised of his right to counsel immediately upon being detained upon his claim that counsel might have advised him to have chemical test made at that time. Failure to inform him of his right to counsel did not thus deprive him of evidence which may have established his innocence.

In the case of *State* v. *Starnes*, 21 Ohio St. 2d, 38, decided by our Supreme Court on January 14, 1970, the court held:

"1. Section 4511.191, Revised Code, does not violate the search and seizure provision of the Fourth Amendment, nor the self-incrimination clause of the Fifth Amendment to the United States Constitution by providing that any operator of a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test to determine the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol. (*Schmerber* v. *California*, 384 U. S. 757; *Westerville* v. *Cunningham*, 15 Ohio St. 2d 121, applied.)

"2. Section 4511.191(F), Revised Code, does not vio-

late the due process clause of the Fourteenth Amendment to the United States Constitution by permitting suspension of a person's driver's license upon proof less than proof beyond a reasonable doubt that (1) a police officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol (2) the person was placed under arrest (3) the person refused to submit to a chemical test upon the request of the officer and (4) the person was advised of the consequences of his refusal. *Proceedings under Section 4511.191 (F), Revised Code, are civil and administrative in nature and are intended for the protection of the traveling public, and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances."* (Emphasis added.)

By reason of the foregoing state of the evidence, and the authorities, and since the plaintiff failed to show any error required by the provisions of subsection (F) of R. C. 4511.191 in action taken by the Registrar or in one or more of the four matters within the scope of the hearing, the petition is denied and the plaintiff's driver's license is, therefore, suspended for a period of six months, effective April 8, 1970. It is further ordered that the cost of these proceedings shall be paid by the plaintiff.

*Judgment accordingly.*