259 So.2d 504 (1971)
COUNTY OF DADE, State of Florida, Petitioner,
v.
Eleanora A.G. CALLAHAN, Respondent.
No. 71-320.
District Court of Appeal of Florida, Third District.
August 3, 1971.
As Amended on Rehearing February 29, 1972.
*505 Richard E. Gerstein, State's Atty., and John P. Durant, Asst. State's Atty., for petitioner.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for respondent.
Before SWANN, C.J., and HENDRY and BARKDULL, JJ.
SWANN, Judge.
The State of Florida has filed a petition for writ of certiorari to a Circuit Court order. The order reversed the conviction of the defendant Callahan by the Metropolitan Court of Dade County, Florida for driving a motor vehicle while under the influence of an intoxicating beverage in violation of § 30-15(a) of the Metropolitan Code and modified her judgment and sentence on the charge of careless driving resulting in an accident.
The state argues the Circuit Court order of reversal departed from the essential requirements of law on several points. The order of reversal contained, in part, the following ruling which is challenged by the state:
* * * * * *
"The record shows that the arresting officer did not give the required Constitutional warnings, and that no warning was given by the D.O. operator until substantially all of his tests and interrogation were completed, that after 25-30 *506 minutes defendant-appellant was told only `that anything she said or did in my presence could and would be used as evidence in court'. Their testimony as to defendant-appellant's statements and the results of the performance tests given her was objectionable and should have been suppressed or stricken."
* * * * * *
The state's position is that this is error since the failure to give the "Miranda warnings" [See 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] to Callahan does not render inadmissible the testimony of the arresting officer as to her physical condition or testimony from the drunkometer officer as to the results of a breathalyzer test and of the results of certain physical tests which she performed at his request.
We first consider the testimony of the arresting officer which was objected to at trial. He testified that Callahan drove her automobile into a car that was properly parked on the city street and that he witnessed her driving and the accident. He went to the scene to investigate the accident and testified as to his observation of certain physical conditions and conduct of Callahan before her arrest. He admitted he gave her none of the "Miranda warnings" before he placed her under arrest on the aforesaid charges.
The record reveals that the officer who administered the drunkometer-breathalyzer test and certain physical performance tests did give her some warnings concerning the voluntariness of the tests and told her that anything she said or did could be used against her in court. Those warnings did not meet all the requirements of Miranda, supra. The drunkometer officer testified, over objection, as to the results of the breathalyzer test; of answers to certain questions propounded to Callahan; of his observation of her physical appearance, speech, odor, attitude, and the results of certain physical co-ordination tests.
§ 30-15(b) of the Metropolitan Code prescribes the punishment for driving while under the influence of an intoxicating beverage. The penalty for violation of the ordinance shows that it amounts to a misdemeanor or petty offense and not to a felony. See Article X, § 10, Fla. Const. of 1968, F.S.A. The same is true as to the penalty for violation of the Metro ordinance on "careless driving". See § 30-17(a) and (b), Code of Metropolitan Dade County. See also 9 Fla.Jur. Criminal Law § 5.
In 1922 the Florida Supreme Court reasoned that offenses against municipal ordinances were not criminal prosecutions as contemplated by the state constitutional provisions relating to the rights of an accused in a criminal prosecution. Wright v. Worth, 83 Fla. 204, 91 So. 87 (1922).
In Hilliard v. City of Gainesville, Fla. 1968, 213 So.2d 689, the late Justice Thornal reasoned that a charge of violating a municipal ordinance by driving while under the influence of an alcoholic beverage was a "petty offense" and that the defendant was not constitutionally entitled to a jury trial on such a charge.
Judge Reed, speaking for the court, applied the same reasoning in City of Fort Lauderdale v. Byrd, Fla.App. 1970, 242 So.2d 494, insofar as a right to a jury trial on "petty offenses". See also Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).
The rule generally is that evidence as to one's physical condition does not violate the constitutional provisions which protect a defendant against self-incrimination. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Wilson v. State, Fla. 1969, 225 So.2d 321; Gay v. City of Orlando, Fla.App. 1967, 202 So.2d 896; and City of Piqua v. Hinger, 15 Ohio St.2d 110, 238 N.E.2d 766 (1968). Cf. State v. Mitchell, Fla. 1971, 245 So.2d 618; and State v. Liefert, Fla. App. 1971, 247 So.2d 18.
In State v. Pyle, 19 Ohio St.2d 64, 249 N.E.2d 826 (1969), cert. denied, 396 U.S. 1007, 90 S.Ct. 561, 24 L.Ed.2d 498 (1970), *507 the Supreme Court of Ohio held that Miranda warnings do not apply in an offense where the defendant was charged and convicted of operating a motor vehicle while under the influence of intoxicating liquor. See also Gustafson v. State, Fla.App. 1971, 243 So.2d 615; State v. Bliss, Del. 1968, 238 A.2d 848; Capler v. City of Greenville, Miss. 1968, 207 So.2d 339; State v. Desjardins, N.H. 1970, 272 A.2d 599; and State v. Macuk, 57 N.J. 1, 268 A.2d 1 (1970). Cf. Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971). The same rationale has been applied in cases involving driving while under the influence of narcotics (State v. Tellez, 6 Ariz. App. 251, 431 P.2d 691, 25 A.L.R.3d 1063, 1967); careless driving (State v. Zucconi, 93 N.J. Super. 380, 226 A.2d 16, aff'd. 50 N.J. 361, 235 A.2d 193, 1967); and speeding (People v. Bliss, 53 Misc.2d 472, 278 N.Y.S.2d 732, 1967).
Under these traffic ordinances we hold that the charges of careless driving resulting in an accident and for the operation of a motor vehicle while under the influence of an intoxicating beverage are petty offenses and that the Miranda warnings need not be given on these petty offenses as they are presently defined under these metropolitan ordinances.
The Circuit Court, in reversing on defendant's direct appeal from the trial court conviction, held the refusal to order separation of witnesses, upon request of defendant's attorney, was arbitrary. Defendant's (respondent's) burden on the direct appeal was to establish that the trial court's refusal to place the witnesses under the rule was an abuse of discretion which was prejudicial. 32 Fla.Jur. Trial § 14. This was done to the satisfaction of the trial judge.
In Spencer v. State, Fla. 1961, 133 So.2d 729, the Supreme Court in a direct appeal held there was no abuse of discretion in the trial court permitting two deputy sheriffs to remain in the courtroom during a trial when it was known at the outset they would be called upon to testify. The rationale of the opinion was that the interest of the law enforcement officers in the results of the trial would not be personal.
In the case sub judice, there was no determination or inquiry made by the trial court as to what witnesses the "rule" should or should not cover. There was no inquiry made as to the prospective testimony of any witness; or whether any of the witnesses were law enforcement officers; or whether any of the witnesses had any personal interest in the outcome of the trial. There was simply a denial of the request for the "rule" because it was said to be "at the discretion" of the court. On appeal, the Circuit Court held this ruling to be arbitrary and we do not find that he departed from the essential requirements of the law.
Having determined that there was a ground for reversal which did not depart from the essential requirements of law, we must deny the petition for writ of certiorari.
It is so ordered.