144

(No. 1283—Decided August 24, 1973.)

Municipal Court of Athens County.

*Mr. Joseph B. Yanity, Jr.*, for appellant.
*Mr. Arthur J. Marinelli*, for appellee.

JONES, Acting Judge. This cause came on to be heard before the court upon the evidence and the briefs filed by both parties.

Appellant was arrested for the alleged crime of driving while under the influence of alcohol, as defined by R. C. 4511.19, at 9:50 p. m. on November 18, 1972, on County Road 24, Athens County, Ohio, by an Ohio State Highway Patrolman. Appellant was taken to the Athens Post, Ohio State Highway Patrol, in the patrol cruiser, arriving sometime after 10:00 p. m.

Upon arrival, appellant was taken to the breathalyzer room, where a statement concerning R. C. 4511.191, the implied consent law, was read to him by the patrolman, in the presence of another patrolman. Appellant indicated that he desired to consult with his attorney before deciding on whether to take the breathalyzer test.

Appellant called his attorney at approximately 10:35 p. m. His attorney advised his client that he would be there in less than ten minutes, since he lived just a few blocks from the patrol station.

Appellant was again asked if he would take the breathalyzer test. He answered that his attorney would be there in a few minutes and that he desired to wait until his arrival before making a decision. The patrolman said that if he didn't take it now, it would be deemed a refusal. Appellant reiterated that he was not refusing and that he only desired to wait on his attorney who would be there momentarily.

His attorney arrived at the patrol post between 10:42 p. m. and 10:45 p. m. He conversed with his client for several minutes and determined that appellant was not under the influence of alcohol. A breathalyzer examination upon another person had been in progress when plaintiff-appellant's attorney arrived. It was completed approximately ten minutes thereafter. Thereupon, before 11:00 p. m., appellant's attorney demanded that his client, who was willing to do so after hearing his attorney's professional advice as to the law, be administered a breathalyzer examination. The machine was warmed up and available. The patrolman stated to appellant's attorney that after appellant's telephone call to him, appellant declined to take the test by advising that he would wait on his attorney before making a decision, and he refused the attorney's demand to take the breathalyzer test.

Appellant's attorney then demanded that he be permitted to take or that his client be taken to O'Bleness Memorial Hospital, Athens, Ohio, for the purpose of a blood-alcohol test. His demand was refused by the patrolman, who insisted that appellant had to be taken to the Athens city jail and bond posted prior thereto.

Appellant's license was subsequently suspended by appellee pursuant to R. C. 4511.191 for allegedly refusing to take the breathalyzer test. This appeal is from that suspension.

The court has had several cases brought to its attention in the briefs submitted by the parties. The case of *In re Brooks*, decided by the Supreme Court of Ohio on June 30, 1971, and appearing in 27 Ohio St. 2d 66, was a case which was originally decided by this court, in which

the court upheld the suspension of the driver's license of the appellant, the Court has also taken note of *Hunter* v. *State* from the Girard Municipal Court, decided June 4, 1970, and appearing in 25 Ohio Misc. 117, and the case of *Narten* v. *Curry*, appearing in 33 Ohio Misc. 94, from the Shaker Heights Municipal Court, decided in 1972.

In the *Brooks* case, the question of counsel was not an issue, and a definite refusal to take the test was made by the appellant. There appears to be some conflict between the *Hunter* and *Narten* cases. However, the reading of the cases indicates that, in the *Hunter* case, the defendant stated that "she would do nothing until she saw her attorney." Moving to the *Narten* case, the court held: "A request to consult with counsel prior to submitting to a test for intoxication is not conduct constituting a refusal to submit to a test for intoxication under R. C. 4511.-191."

The refusal to permit a person accused of a crime, which is now classified as a serious misdemeanor, to consult with counsel, would be clearly unconstitutional under both the Sixth and the Fourteenth amendments "Due Process of Law" clauses of the United States Constitution.

The court realizes that this is not a criminal proceeding. However, the appellant needed the advice of counsel to adequately protect his rights, and his request was not unreasonable.

The court finds that, in view of the cases cited together with the changing law on the subject and the evidence, the appellant did not in fact refuse to take the breathalyzer test as is contemplated in R. C. 4511.191.