### STATE v. OLIVER.
### No. 76-1422-TT.

County Court, Palm Beach County, Criminal Division.
November 6, 1976.

### STATE v. OLIVER.
### No. 76-140-AC.

Circuit Court, Palm Beach County, Criminal Appeal.
February 16, 1977.

Joel Weissman, Assistant State Attorney, for the state.

Philip G. Butler, Jr., West Palm Beach, for the defendant.

JAMES T. CARLISLE, County Court Judge.

This cause came on to be heard on the defendant's petition for a hearing under the Implied Consent Law, pursuant to Florida Statute 322.261. The defendant was present and was represented by Philip G. Butler, Jr., Esquire, and the State of Florida was represented by Joel Weissman, Esquire, Assistant State Attorney.

A portion of the evidence received by the court was a stipulated set of facts concerning the events that occurred at the Boynton Beach police station following the defendant's arrest. The evidence reflected that the defendant was advised of his rights against self-incrimination and his right to counsel under the standard *Miranda* warning. The defendant was also properly advised of the consequences of his refusal to take the breathalizer test. As is usually done in cases of this kind, the officer who was assigned to administer the breathalizer test began to ask the defendant a series of questions concerning his destination, what he had had to eat, the amount he had had to drink, and other questions which are normally asked in conjunction with giving a breathalizer test. The defendant then requested an opportunity to telephone his attorney and expressed a reluctance to continue with the interview. He was advised that no attorney was necessary for the administration of a

breathalizer test. The defendant continued to insist upon talking to an attorney and ultimately the officers certified his refusal.

The court finds as a matter of fact that the defendant did not refuse to take the test within the meaning of Section 322.261 (e) (3), Florida Statutes. A request to consult telephonically with an attorney prior to taking a breathalizer test should be honored. Section 901.24, Florida Statutes; Hunter v. Dorius, 458 Pacific 2d 877 (Utah 1969); Rusho v. Johns, 181 N.W. 2d 448 (Neb. 1970). Police officers need not wait for the defendant's attorney to arrive at the police station before the test is administered, but his right to consult with an attorney should be observed if at all possible without unreasonably delaying the administration of the test.

Perhaps the leading case on this point in this jurisdiction is State v. Wilson, 34 Fla. Supp. 141. There the defendant was arrested for driving while impaired at 1:05 A. M. He was taken to the Belle Glade sub-station, arriving there at approximately 1:20 A. M. After being advised of his constitutional rights and of the Implied Consent Law, he indicated a willingness to take the test. He said he would first like to call his attorney. Defendant called his attorney in West Palm Beach, thirty five miles away, after which he stated — "Whenever my lawyer gets here I will be glad to do whatever I am supposed to do." After waiting an hour and fifteen minutes the officers told Wilson that they were offering him a last opportunity to take the breathalizer test and that failure to do so would result in the automatic suspension of his license for a six month period. He answered that he would wait for his attorney. At that point a refusal slip was executed.

There the circuit court of Palm Beach County, Judge James R. Knott presiding, ruled that the giving of a breathalizer test is an administrative procedure and that the right to the presence of counsel did not attach thereto. The court held that Wilson conditionally refused to submit to the breathalizer test and held that the implied consent statute does not sanction a qualified or conditional refusal.

That case does not stand for the proposition that a defendant should be refused the right to consult at least telephonically with his attorney, where the administration of the test will not be unreasonably delayed. Fundamental concepts of due process require that this minimal consultation not be frustrated irrespective of whether due process requires the presence of counsel.

Additionally, defendant sought to consult with counsel while being interrogated while in the custody of the police. Judge Knott noted the distinction in State v. Wilson —

"The language of the *Miranda* rights places a limitation upon their application; they provide for the presence of counsel during in-custody questioning, and have no bearing upon the extraction of physical evidence, e.g., fingerprints, breath, or blood, from an accused."

Defendant had every right to refuse to answer the questions being propounded. Defendant also had a right to the presence and advice of counsel during this questioning. Defendant's only duty was to co-operate with the administration of the breathalizer test, to wit: the extraction of his breath into the breathalizer machine. He is under no obligation to answer questions or to perform physical tests. His sole duty is to blow into the breathalizer machine.

The possible destruction of evidence resulting from the sixty second period required for defendant to consult his attorney regarding the complexities of Section 322.261, Florida Statutes, and the possible implications of his decision whether to take the test, are minimal when compared to the value placed upon the right to counsel as enunciated by the Federal Constitution and the Florida Constitution.

Defendant's petition for an implied consent hearing is hereby granted.

WILLIAM C. WILLIAMS, Circuit Judge.

This case came before the court on February 14, 1977. The appellee was prohibited from orally arguing the appeal as he was untimely in the filing of his brief.

The facts of the case from the appellant's brief, the appellee's brief, and the Honorable Judge Carlisle were condensed and presented to the court as herein stated —

On June 29, 1976, at approximately 12:50 a.m., the defendant was arrested on a charge of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. There was no question of probable cause for the arrest and the officer advised the defendant that he was under arrest and that he had a right to remain silent and that anything he said could be used against him in a court of law. He was also informed that he had a right to an attorney, and that if he could not afford counsel, one would be appointed by the court. The defendant indicated that he understood his rights.

The officer requested the defendant to submit to a chemical test to determine the alcohol content in his blood, and informed him

that failure to submit to the test would result in his driver's license being suspended for a period of three months. Defendant refused to answer any questions regarding the breathalyzer test, i.e., questions regarding the administration of the test and refused to take the test. Refusal was contemplated on the grounds that he had a right to counsel and that he would not answer any questions nor allow a breath sample to be withdrawn until he could talk with his attorney.

The officer advised the defendant that the right to assistance of counsel was not applicable in an implied consent test, and that after the completion of the test he might contact his attorney. The officer repeated the advice to the defendant on numerous occasions during the attempted administration of the breathalyzer.

The defendant still refused on the basis that he had a right to the presence of an attorney.

The arresting officer filed a written statement with the department reflecting that the defendant refused to take a chemical test (Florida Statute 322.261). The department served the defendant with notice of a right to a hearing and the defendant duly filed same.

At the hearing the following facts were adduced — The defendant had been arrested, the arresting officer had reasonable cause to believe that he had been driving a motor vehicle on a public highway under the influence; he had been requested to submit to a chemical test and informed his driving privilege would be suspended if he refused; petitioner repeated his request for an attorney.

The first issue presented was — *whether an individual who was arrested while driving under the influence to the extent that his normal facilities are impaired (Florida Statute 316.028) has the right to assistance of counsel under Florida Statute 322.261 during the administration of the implied consent test (commonly referred to as breathalyzer.)*

The lower court in its ruling stated —

> The defendant sought to consult with counsel while being interrogated while in the custody of the police . . .. The defendant had every right to refuse to answer the questions being propounded. The defendant also had the right to presence and advice of counsel during the questioning. The defendant's only duty is to cooperate with the administration of the breathalyzer test, to wit: the extraction of his breath into the breathalyzer machine. He is under no obligation to answer questions or take a physical test. His sole duty is to blow into the breathalyzer machine.

This court is of the opinion the lower court erred in holding the defendant was entitled to assistance of counsel during the administration of the breathalyzer test, i.e., questions pursuant to the administration.

The right to counsel is applicable to all *criminal* proceedings Sixth Amendment, U.S. Constitution, *Miranda v. Arizona,* 384 U.S. 436 (1966).

The breathalyzer test is a *civil* proceeding, as stated in *State v. Wilson,* 34 Fla. Supp. 141 (15th Judicial Circuit 1970) —

> The administrative proceeding as provided in the implied consent law is civil in nature, not criminal, an individual is not entitled as a matter of right to the presence of counsel before submitting to a breathalyzer test, refusal to submit to the test without presence of counsel constitutes a "refusal" within the meaning of the statute.

The Third District Court of Appeal in *County of Dade v. Callahan,* 259 So.2d 504 (1971), considered the *Miranda* principle in a very similar context.

There the record shows that the arresting officer did not give the required constitutional warnings and that no warning was given by the breathalyzer operator until substantially all tests and interrogations were completed.

The court in that case held —

> Offenses of careless driving resulting in an accident and of the operation of a motor vehicle while under the influence of an intoxicating beverage are petty offenses; thus, the officer who administered the drunkometer-breathalyzer test and certain physical performance tests to the defendant who was charged with those offenses could testify to the result of the test, defendant's answer to certain questions and his observation of the defendant's physical appearance, speech, odor, and attitude even though he had not properly given the defendant warnings concerning his right to counsel and him remaining silent.

And in *State v. Webb,* 335 So.2d 826 (1976), the Supreme Court there in construing Florida Statute 318 stated —

> Finally, we are influenced by the fact that, even if this statute had not been decriminalized and still involved a criminal violation for which incarceration was possible punishment, the right to a jury trial as provided by the Sixth Amendment of the United States Constitution would not apply. Although the Sixth Amendment has been held to apply to the State through the due process clause of the Fourteenth; it has been recognized that there is a class of petty offenses, i.., those which carry a maxi-

mum penalty of imprisonment of six months or less and a five hundred dollar fine or less which may be tried summarily before a judge sitting alone without a jury . . .

Therefore, it is this court's position that as the Supreme Court stated in *Webb,* supra, a petty offense is one that carries a penalty of not more than sixty days incarceration or a five hundred dollar fine or both, and the Sixth Amendment to the United States Constitution is not applicable to that class of cases, as well as the Third District Court of Appeal in *Callahan,* supra, stating that the use of statements by the defendant without the proper *Miranda* warnings did not constitute a violation of his constitutional rights, and the decision in *State v. Wilson,* supra, holding that it is an administrative proceeding, this court is of the opinion that there are no constitutional rights as provided for in *Miranda* and as alleged by the appellee in the administration of the breathalyzer test. And therefore the request to consult with an attorney before answering any questions concerning the breathalyzer is a refusal as contemplated by Florida Statute 322.261.

The second point on appeal is whether the defendant is entitled to assistance of counsel on the breathalyzer as actually given, i.e., the actual physical obstraction of the person's breath. The lower court stated a defendant is entitled to counsel and reasoned —

> The possible destruction of evidence resulting from the sixty second period required for the defendant to consult his attorney regarding the complexities of Section 322.261 Florida Statute, and a possible implication of his decision whether to take the test, are minimal when compared to the value placed upon the right to counsel as enunciated by the Federal Constitution and the Florida Constitution.

However, it is this court's opinion that the lower court erred on the basis of *State v. Wilson,* supra and *State v. Webb,* supra.

Therefore it is the finding of this court that the right to counsel does not apply in a civil proceeding such as that contemplated by Florida Statute 322.261 and that a defendant who refused to answer questions regarding the breathalyzer test or refused to allow a breath sample to be taken until he could consult with his counsel has effectively refused the test and forfeited his right to drive a motor vehicle in this state for three months.

The order of the lower court is reversed with the directions to deny the defendant's petition for an implied consent hearing.