**STATE v. OLIVER.**
No. 76-140 AC.
Circuit Court, Palm Beach County, Criminal Appeal.

February 16, 1977.

David H. Bludworth, State Attorney, Joel M. Weissman, Assistant State Attorney, for the appellant.

Philip G. Butler, Jr., West Palm Beach, for the appellee.

WILLIAM C. WILLIAMS, Circuit Judge.

This case came before the court on February 14, 1977. The appellee was prohibited from orally arguing the appeal as he was untimely in the filing of his brief.

The facts of the case from the appellant's brief, the appellee's brief, and the Honorable Judge Carlisle were condensed and presented to the court as herein stated —

On June 29, 1976, at approximately 12:50 a.m., the defendant was arrested on a charge of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. There was no question of probable cause for the arrest and the officer advised the defendant that he was under arrest and that he had a right to remain silent and that anything he said could be used against him in a court of law. He was also informed that he had a right to an attorney, and that if he could not afford counsel, one would be appointed by the court. The defendant indicated that he understood his rights.

The officer requested the defendant to submit to a chemical test to determine the alcohol content in his blood, and informed him that failure to submit to the test would result in his driver's license being suspended for a period of three months. Defendant refused to answer any questions regarding the breathalyzer test, i.e., questions regarding the administration of the test, and refused to take the test. His refusal was based on the ground that he had a right to counsel and that he would not answer any questions nor allow a breath sample to be withdrawn until he could talk with his attorney.

The officer advised the defendant that the right to assistance of counsel was not applicable in an implied consent test, and that after the completion of the test he might contact his attorney. The officer repeated this advice to the defendant on numerous occasions during the attempted administration of the breathalyzer.

The defendant still refused on the basis that he had a right to the presence of an attorney.

The arresting officer filed a written statement with the department reflecting that the defendant refused to take a chemical test (Florida Statute 322.261). The department served the defendant with notice of a right to a hearing and the defendant duly filed same.

At the hearing the following facts were adduced — the defendant had been arrested, the arresting officer had reasonable cause to believe that he had been driving a motor vehicle on a public high-

way under the influence; he had been requested to submit to a chemical test and informed his driving privilege would be suspended if he refused; the petitioner repeated requests for an attorney.

The first issue presented is — *whether an individual who was arrested while driving under the influence to the extent that his normal facilities are impaired (Florida Statute 316.028) has the right to assistance of counsel under Florida Statute 322.261 during the administration of the implied consent test (commonly referred to as breathalyzer).*

The lower court in its ruling stated —

"The defendant sought to consult with counsel while being interrogated while in the custody of the police . . . The defendant had every right to refuse to answer the questions being propounded. The defendant also had the right to the presence and advice of counsel during the questioning. The defendant's only duty is to cooperate with the administration of the breathalyzer test, to wit: the extraction of his breath into the breathlyzer machine. He is under no obligation to answer questions or take a physical test. His sole duty is to blow into the breathalyzer machine."

This court is of the opinion the lower court erred in holding the defendant was entitled to assistance of counsel during the administration of the breathalyzer test, i.e., questions pursuant to the administration.

The right to counsel is applicable to all criminal proceedings (Sixth Amendment, U. S. Constitution *Miranda v. Arizona* 384 U. S. 436 (1966).

The breathalyzer test is a civil proceeding as stated in *State v. Wilson,* 34 Fla. Supp. 141 (15th Judicial Circuit 1970) —

"The administrative proceeding as provided in the implied consent law is civil in nature, not criminal, an individual is not entitled as a matter of right to the presence of counsel before submitting to a breathalyzer test, refusal to submit to the test without presence of counsel constitutes a 'refusal' within the meaning of the statute."

The Third District Court of Appeal in *County of Dade v. Callahan,* 259 So.2d 504 (1971), considered the *Miranda* principle in a very similar context.

There the record showed that the arresting officer did not give the required constitutional warnings and that no warning was given by the breathalyzer operator until substantially all tests and interrogations were completed.

The court in that case held —

"Offenses of careless driving resulting in an accident and of the operation of a motor vehicle while under the influence of an intoxicating beverage are petty offenses; thus, the officer who administered the drunkometer-breathalyzer test and certain physical performance tests to the defendant who was charged with those offenses could testify to the result of the tests, defendant's answers to certain questions and his observation of the defendant's physical appearance, speech, odor, and attitude even though he had not properly given the defendant warnings concerning his right to counsel and him remaining silent."

And in *State v. Webb*, 335 So.2d 826 (1976), the court therein construing Florida Statute 318 stated —

"Finally, we are influenced by the fact that, even if this statute had not been decriminalized and still involved a criminal violation for which incarceration was possible punishment, the right to a jury trial as provided by the Sixth Amendment of the United States Constitution would not apply. Although the Sixth Amendment has been held to apply to the State through the due process cause of the Fourteenth, it has been recognized that there is a class of petty offenses, i.e., those which carry a maximum penalty of imprisonment of six months or less and a five hundred dollar fine or less which may be tried summarily before a judge sitting alone without a jury . . ."

Therefore, it is this court's position that as the Supreme Court stated in *Webb*, supra, a petty offense is one that carries a penalty of not more than sixty days incarceration or a five hundred dollar fine or both, and the Sixth Amendment to the United States Constitution is not applicable to that class of cases, as well as the Third District Court of Appeal in *Callahan*, supra, stating that the use of statements by the defendant without the proper *Miranda* warning did not constitute a violation of his constitutional rights, and the decision in *State v. Wilson* holding that it is an administrative proceeding, this court is of the opinion that there are no constitutional rights as provided for in *Miranda* and as alleged by the appellee in the administration of the breathalyzer test — and therefore the request to consult with an attorney before answering any questions concerning the breathalyzer is a refusal as contemplated by Florida Statute 322.261.

The second point on appeal is whether the defendant is entitled to assistance of counsel on the breathalyzer as actually given, i.e.,

the actual physical obstraction of the person's breath. The lower court stated a defendant is entitled to counsel and reasoned —

> "The possible destruction of evidence resulting from the sixty second period required for the defendant to consult his attorney regarding the complexities of Section 322.261, Florida Statutes, and a possible implication of his decision whether to take the test, are minimal when compared to the value placed upon the right to counsel as enunciated by the Federal Constitution and the Florida Constitution."

However, it is this court's opinion that the lower court erred on the basis of *State v. Wilson*, supra and *State v. Webb*, supra.

It is the finding of this court that the right to counsel does not apply in a civil proceeding such as that contemplated by Florida Statute 322.261 and that a defendant who refuses to answer questions regarding the breathalyzer test or refuses to allow a breath sample to be taken of his breath until he can consult with his counsel has effectively refused the test and forfeited his right to drive a motor vehicle in this state for three months. Reversed.