# STATE OF FLORIDA v. HOCH

## Case No. 41-85-227-MM-A-1

County Court, Monroe County

June 25, 1985

### APPEARANCES OF COUNSEL

**Laura S. Leve,** Assistant State Attorney, for plaintiff.
**Nathan E. Eden** for defendant.

## OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

This cause having come on to be heard upon defendant's Motion to Suppress and the Court having received testimony and heard argument of counsel, the premises considered, it is

ORDERED and ADJUDGED as follows:

### THE FACTS

Defendant was arrested for DUI on January 19, 1985 at approximately 11:20 o'clock P.M. by officer Steve Hammers, Key West Police Department. Officer Hammers had been called to the scene by another officer who had witnessed a collision involving the defendant's vehicle. Preliminarily, the officer observed that the defendant required a longer than normal period of time to produce his driver's license, registration, and insurance information, and that the defendant insisted that the damages could be settled on the spot. The defendant was asked to perform various field sobriety tests and, consequently, was arrested and transported to the DUI intake station.

At the station, the defendant was taken to the video room where he was filmed in the course of performing various physical tests. At the conclusion of this video, the defendant was read his *Miranda* rights at which point the defendant said, "I'd like a lawyer." The defendant was then taken to another area and was administered the implied consent breath test for blood-alcohol contents.

Defendant seeks suppression of any statement made prior to his arrest based upon the statutory accident report privilege, Florida Statutes section 316.066(4) (1981), and Fourteenth Amendment due process grounds. The defendant seeks suppression of his video based upon the accident report privilege and the failure to advise the defendant of his *Miranda* rights prior to the taking of his video. Lastly, the defendant seeks suppression of the breath test for the reason that it was taken in violation of the defendant's Sixth Amendment right to counsel and Fifth Amendment due process considerations.

### THE LAW

This Court finds that any statements made to officer Hammers prior to the defendant's arrest are inadmissible under the accident report privilege. This court also finds, however, that under the accident report

2

privilege there is no merit to the suppression of the performance tests and observations made by the officer at the scene. (See West's F.S.A. Section 316.066(4))

Likewise, there is no merit to the suppression of the video obtained under the circumstances of this case as the video itself is generally said to be noncommunicative evidence. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966). The audio portion of the video, however, stands in a different posture. The audio may include communicative evidence from the defendant which is the product of custodial interrogation. In the instant case, the defendant was arrested at the scene for the misdemeanor of DUI and transported to a DUI intake facility. There, the defendant was video taped performing various performance tests. After completion of the physical performance tests, the defendant was first read his Miranda rights. Under the Supreme Court decision of *Berkemer v. McCarty*, 104 S.Ct. 3138 (1984), a defendant taken into custody for a misdemeanor (DUI) offense is entitled to the full panoply of protections prescribed by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In *Berkemer*, the brief roadside questioning of a motorist pursuant to a routine traffic stop was held not to constitute "custodial interrogation" and, therefore, did not require invocation of *Miranda*. The statements made by the defendant at the police station, however, were suppressed as post arrest custodial communications. Accordingly, this court holds that all statements made by the defendant in response to questions by officer Hammers after the defendant's arrest and placement into the police car are inadmissible be said statements exculpatory or inculpatory, the same being the product of custodial interrogation.

Accordingly, the State may use only that portion of the audio which relates to testing of the defendant; ABC's and counting from 100 to 80. Statements as to whether or not defendant had been drinking, driving, was involved in an accident, etc. may not be used.

Defendant maintains that the Sixth Amendment right to counsel affords him the right to consult with counsel prior to submittal of breath testing.[1] Most courts deciding this issue have declared that there is no Sixth Amendment right to consult with counsel prior to blood/

---

[1] In accord: *State v. Bristor*, 682 P2d 122 (Kansas Court of Appeals 1984); *Heles v. South Dakota*, (S.D. 1982) 530 F.Supp. 646; *State v. Oliver*, 47 Fla. Supp. 113 (15th Jud. Cir. Fla. 1977).

alcohol testing.[2] Utah expressly prohibits an accused consulting with his attorney prior to breath testing. (See Utah Statute 41-6-44-10(g)) Most decisions being predicated upon the fact that such testing is not to be deemed a critical stage of the criminal prosecution as the Supreme Court opinion in *Kirby v. Illinois*, 406 U.S. 682 (1972) held that the Sixth Amendment right to counsel does not attach until or after the initiation of an adversarial criminal proceeding by way of indictment, information, or other formal charge, arraignment or a preliminary hearing.

This Court therefore finds no merit in defendant's Sixth Amendment Right to Counsel argument.

This Court further holds that under Florida Statute section 901.24 and the Due Process Clauses of the Fifth and Fourteenth Amendments, a person arrested for DUI must be given a reasonable opportunity to communicate with an attorney if he requests to do so prior to submitting to chemical sobriety tests in a case where a police officer advises the defendant that he has a right to consult with an attorney. First of all, Florida Statute section 901.24 suggests that a defendant should be given a chance to consult with a lawyer immediately upon request.[3]

Florida Statute section 901.24 in its entirety reads:

"901.24—A person arrested shall be allowed to consult with any attorney entitled to practice in this state, alone and in private at the

---

[2] *State v. Jones*, 457 A2d 1116, 33 Cr.L. 2017 (Maine 1983); *Campbell v. Superior Court*, 479 P2d 685 (Ariz. 1971); *Goodman v. Orr*, 97 Cal. Rptr. 226; *Finley v. Orr*, 69 Cal. Rptr. 137; *Calvert v. State Department of Revenue*, 519 P2d 341 (Colo. 1974); *Davis v. Pope*, 197 S.E. 861 (Ga. 1973); *Mills v. Bridges*, 471 P2d 66 (Idaho 1920); *Harrison v. State Dept. of Public Safety*, 298 So.2d 312 (La. App. 1974); *Whitaker v. State*, 264 So.2d 725 (La. App. 1972); *State v. Severino*, 537 P2d 1187 (Hawaii 1975); *Lewis v. Nebraska State*, 217 NW. 2d 177; *Rusho v. Johns*, 181 NW.2d 448 (Neb. 1970); *Harlan v. State*, 308 A2d 356 (N.H. 1973); *State v. Pandoli*, 262 A2d 41 (N.J. 1970); *Story v. Hultz*, 19 N.Y.2d 936, 228 N.E. 2d 398 (1967); *nocchairo v. Kelly*, 226 N.Y.S.2d 403, 181 N.E.2d 427, Certiorari denied, 370 U.S. 912; *Agnew v. Hjelle*, 216 NW.2d 291 (N.D. 1974); *Phares v. Dept. of Public Safety*, 507 P.2d 1225 (Okla. 1973); *Robertson v. State*, 501 P.2d 237 (Ore. 1970); *Commonwealth v. Morris*, 347 A2d 658 (Pa. 1971); *Blow v. Commr. of Motor Vehicles*, 164 N.W.2d 351 (S.D. 1969); *State v. Dellveneri*, 258 A2d 83 (Vt. 1969); and *Deaner v. Commonwealth*, 170 S.E.2d 199 (Va. 1969).

[3] But see—*Pastori v. State*, (Fla. App. 2d Dist. 1984) 456 So.2d 1212, where the Second District Court of Appeals held that results of field sobriety and chemical breath tests were admissible although defendant had requested an attorney before submitting to the test. Florida Statute 901.24 was not discussed.

place of custody, as often and for such periods of time as is reasonable."

Procedural due process is a fluid open-ended right and the guarantees of that right are determined by balancing several factors: (1) the private interests to be affected by the official action; (2) the likelihood of governmental error through the procedures used; (3) the probable value of additional procedural safeguards; and (4) the governmental interests at stake, including the physical and administrative burden entailed by additional procedural safeguards—*Haitian Refugee Center v. Smith*, 676 F.2d 1023 (5th Cir. 1982). Accordingly, the lesser the interest of which a person stands to be deprived, the fewer procedural safeguards are afforded to him by the constitution. *In Re: Application of Eisenberg*, 654 F.2d 1107 (5th Cir. 1981).

The interests to be balanced in this case are the accused's right to consult with an attorney prior to being required to submit to blood/alcohol testing of the breath and the State's right to obtain and preserve evidence of a crime. In this regard, we must consider that alcohol is eliminated from the human body at the rate of 0.015% to 0.025% per hour.[4] In Florida, a reading of 0.10 or above is presumed to evidence impairment of faculties (Florida Statute 316.1934(2)(c)). Accordingly, a 15 minute intermission to allow the accused an opportunity to call his attorney would have a minimal effect on the reading obtained and, in any event, the reading obtained must be extrapolated back to the time that the driver was behind the wheel (F.S. 316.193—DUI) so that nothing is actually lost by a 15 minute delay.

The Court notes that Florida Statute 901.24 does not require that the defendant be advised of his right to consult an attorney, but instead a reasonable construction of this statute is that an accused be permitted a reasonable opportunity to consult with an attorney should he request same.

Fundamental fairness under the procedural due process clause of the Fifth and Fourteenth Amendments requires, at a minimum, that an accused be permitted the brief opportunity to contact an attorney after he has been advised of his right to do so and he requests an opportunity to do so prior to the implied consent breath testing. This holding is in accord with the decision in *Sites v. State*, 481 A.2d 192 Md. Ct. App. (Sept. 12, 1984). In *Sites* the Maryland implied consent law required the accused to submit to a blood/alchol test or lose the privilege to drive. Sites requested an opportunity to consult with an

---

[4] *Traffic: A compilation of Florida Case Law*, 2nd Edition, Judge Calvin R. Mapp—1983; page 46

attorney prior to taking the sobriety test and the same was denied him. As reasoned by the Maryland Court of Appeals:

"By affording a suspect the power to refuse chemical testing, Maryland's implied consent statute deliberately gives the driver a choice between two different potential sanctions, each affecting vitally important interests. Indeed, revocation of a driver's license may burden the ordinary driver as much or more than the traditional criminal sanctions of fine or imprisonment. The continued possession of a driver's license, as the Supreme Court has said, may become essential to earning a livelihood; as such, it is an entitlement which cannot be taken without due process mandated by the Fourteenth Amendment. See *Dixon v. Love*, 431 U.S. 105 (1977); *Bell v. Burson*, 402 U.S. 535 (1971). Considering all the circumstances, we think to un- reasonably deny a requested right of access to counsel to a drunk driving suspect offends a sense of justice which impairs the fundamental fairness of the proceeding."

Similar holdings on Fourteenth Amendment grounds have been made in *People v. Gursey*, 22 N.Y.2d 224, 292 NYS2d 416, 239 N.E. 2d 351 (1968); *Troy v. Curry*, 36 Ohio Misc. 144, 303 N.E.2d 925 (1973); *State v. Newton*, 291 Or. 788, 636 P.2d 393 (1981), also the concurring opinion in *Finocchairo v. Kelly*, 181 N.E. 2d 427 (N.Y. 1961).

The results of the blood/alcohol test are hereby suppressed as violative of due process.

### CERTIFICATION TO THIRD DISTRICT COURT OF APPEAL

I hereby certify to the District Court of Appeal, Third District of the State of Florida, pursuant to appellate Rule 9.165 that the following questions have statewide application and are of great public importance, to wit:

WHETHER A 6TH AMENDMENT RIGHT TO COUNSEL UNDER THE UNITED STATES CONSTITUTION ATTACHES SO AS TO REQUIRE ACCESS TO AN ATTORNEY PRIOR TO BEING REQUIRED TO SUBMIT TO THE IMPLIED CONSENT BLOOD/ALCOHOL TEST?

WHETHER THE 5TH AMENDMENT PROCEDURAL DUE PROCESS REQUIREMENTS OF THE UNITED STATES CONSTITUTION AND/OR FLORIDA STATUTE 901.24 REQUIRE THE POLICE TO PERMIT A BRIEF RECESS PRIOR TO THE BREATH TEST TO AUTHORIZE AN ACCUSED AN OPPORTUNITY TO CONSULT AN ATTORNEY PRIOR TO SUBMIT-

6

**TAL TO THE BREATH TEST IF THE ACCUSED REQUESTS AN OPPORTUNITY TO CONSULT WITH COUNSEL?**