# STATE OF FLORIDA v GARCIA

Case No. 85-5215-TT-A-1

County Court, Monroe County

November 12, 1985

### APPEARANCES OF COUNSEL

**Mark L. Willis** for plaintiff, State of Florida.
**Joseph Galletti** for defendant, Garcia.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

THIS CAUSE having come on to be heard upon the Defendant's Motion to Suppress and the Court having received testimony and heard argument of counsel, the premises considered, it is

ORDERED and ADJUDGED as follows:

## THE FACTS

Defendant was arrested for DUI on July 13, 1985 at approximately 7:57 o'clock A.M. by an officer of the Key West Police Department, Key West, Florida. The Defendant was asked to perform various field sobriety tests and, consequently, was arrested and transported to the DUI intake station.

At the station, the Defendant was taken to the video room where he was filmed in the course of performing various physical tests. Prior to and during the filming Defendant requested that his attorney be present. Defendant was permitted to call a third person in order that that person find his attorney and request that he go to the station where Defendant was being held. Defendant called the third party because it was Saturday morning and his attorney's office was closed. This third party located Defendant's attorney and testimony revealed that said attorney made his way to the station and was denied entry and therefore access to his client by the police. The denial of entry occurred during the filming and before the blood/alcohol test was administered. The Defendant seeks suppression of the breath test for the reason that it was taken in violation of the Defendant's Fifth Amendment due process consideration.

## THE LAW

Under the Supreme Court decision of *Berkemer v. McCarty*, 104 S.Ct. 3138 (1984), a defendant taken into custody for a misdemeanor (DUI) offense is entitled to the full panoply of protections prescribed by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 L.Ed. 2d 694 (1966).

This Court holds that under Florida Statute section 901.24 and the Due Process Clauses of the Fifth and Fourteenth Amendments, a person arrested for DUI must be given a reasonable opportunity to communicate with an attorney if he requests to do so prior to submitting to chemical sobriety tests in a case where a police officer advised the defendant that he has a right to consult with an attorney. Florida Statute section 901.24 suggests that a defendant in custody should be given a chance to consult with a lawyer immediately upon request.[1]

Florida Statute section 901.24 in its entirety reads:

---

[1] *State v. Oliver*, 47 Fla. Supp. 111 (Feb. 16, 1977—Palm Beach County, The Hon. J. Carlisle) but see *Pastori v. State*, 456 So.2d 1212 (Fla. 2d DCA 1984), where it was held that chemical test results were admissible notwithstanding defendant's request to consult with his attorney before testing. Florida Statute 901.24 was not discussed.

"901.24—A person arrested shall be allowed to consult with any attorney entitled to practice in this state, alone and in private at the place of custody, as often and for such periods of time as is reasonable."

"Identification of the precise dictates of Due Process requires consideration of both the governmental function involved and the private interest affected by official action." Justice Powell, *Fusari v. Steinberg*, 419 U.S. 379, 389; 95 S.Ct. 533; 42 L.Ed. 2d, 521 (1975)

Procedural Due Process is a fluid open-ended right and the guarantees of that right are determined by balancing several factors:

(1) the private interests to be affected by the official action; (2) the likelihood of governmental error through the procedures used; (3) the probable value of additional procedural safeguards; and (4) the governmental interests at stake, including the physical and administrative burden entailed by additional procedural safeguards—*Haitian Refugee Center v. Smith*, 676 F.2d 1023 (5th Cir. 1982). Accordingly, the lesser the interest of which a person stands to be deprived, the fewer procedural safeguards are afford to him by the constitution. *In Re: Application of Eisenberg*, 654 F.2d (5th Cir. 1981).

The interests to be balanced in this case are the accused's right to consult with an attorney prior to being required to submit to blood/alcohol testing of the breath and the State's right to obtain and preserve evidence of a crime. In this regard, we must consider that alcohol is eliminated from the human body at the rate of 0.015% to 0.025% per hour.[2] In Florida, a reading of 0.10% or above is presumed to evidence impairment of faculties (Florida Statute 316.1934(2)(c)). Accordingly, a 15 minute intermission to allow the accused an opportunity to call his attorney would have a minimal effect on the reading obtained and, in any event, the reading obtained may be extrapolated back to the time that the driver was behind the wheel (F.S. 316.193—DUI) so that it can be argued that little or nothing of an evidentiary nature would be lost to the state by a 15 minute delay so that counsel could be called.

The Court notes that Florida Statute 901.24 does not require that the defendant be advised of his right to consult an attorney, but instead a reasonable construction of this statute is that an accused be permitted a reasonable opportunity to consult with an attorney should he request same.

---

[2] *Traffic: A Compilation of Florida Case Law*, 2nd Edition 1983 by Judge Calvin R. Mapp, page 46; *Breath Test: Is There a Right to Consult Counsel*. William R. Hursey, Vol. LIX, No. 10 Florida Bar Journal, Nov. 1985, pages 9-12.

Fundamental fairness under the procedural Due Process Clause of the Fifth and Fourteenth Amendments requires, at a minimum, that an accused be permitted the brief opportunity to contact an attorney after he has been advised of his right to do so and he requests an opportunity to do so prior to the implied consent breath testing. This holding is in accord with the decision in *Sites v. State*, 481 A.2d 192 Md.Ct. App. (September 12, 1984). In *Sites* the Maryland implied consent law required the accused to submit to a blood/alcohol test or lose the privilege to drive. Sites requested an opportunity to consult with an attorney prior to taking the sobriety test and the same was denied him. As reasoned by the Maryland Court of Appeals:

> "By affording a suspect the power to refuse chemical testing, Maryland's implied consent statute deliberately gives the driver a choice between two different potential sanctions, each affecting vitally important interests. Indeed, revocation of a driver's license may burden the ordinary driver as much or more than the traditional criminal sanctions of fine or imprisonment. The continued possession of a driver's license, as the Supreme Court has said, may become essential to earning a livelihood; as such, it is an entitlement which cannot be taken without due process mandated by the Fourteenth
>
> Amendment. See *Dixon v. Love*, 431 U.S. 105 (1977); *Bell v. Burson*, 402 U.S. 535 (1971). Considering all the circumstances, we think to unreasonably deny a requested right of access to counsel to a drunk driving suspect offends a sense of justice which impairs the fundamental fairness of the proceeding."

Similar holdings on Fourteenth Amendment grounds have been made in *People v. Gursey*, 22 N.Y.2d 224, 292 NYS2d 416, 239 N.E.2d 351 (1968); *Troy v. Curry*, 36 Ohio Misc. 114, 303 N.E.2d 925 (1973); *State v. Newton*, 291 Or. 788, 636 P.2d 393 (1981); *Hall v. State*, 231 N.W.2d 396 (CCA Div.2 Mich. 1975); *Prideaux v. Minn*, 247 N.W.2d 385 (S.Ct. Minn. 1976); and also the concurring opinion in *Finocchairo v. Kelly*, 181 N.E.2d 427 (N.Y. 1962).

The results of the blood/alcohol test are hereby suppressed as violative of due process.

## CERTIFICATION TO THIRD DISTRICT COURT OF APPEAL

I hereby certify to the District Court of Appeal, Third District of the State of Florida, pursuant to appellate Rule 9.165 that the following question has statewide application and is of great importance, to-wit:

WHETHER THE 5TH AMENDMENT PROCEDURAL DUE PROCESS REQUIREMENTS OF THE UNITED STATES CONSTITUTION AND/OR FLORIDA STATUTE 901.24 REQUIRE THE POLICE TO PERMIT A BRIEF RECESS PRIOR TO THE BREATH TEST TO AUTHORIZE AN ACCUSED AN OPPORTUNITY TO CONSULT AN ATTORNEY PRIOR TO SUBMITTAL TO THE BREATH TEST IF THE ACCUSED REQUESTS AN OPPORTUNITY TO CONSULT WITH COUNSEL?