State v. Watts.

---

## STATE v. WATTS.

CRIMINAL LAW:   *Malicious Mischief.*
> Malicious mischief includes all malicious physical injuries to the rights of another which impair utility or materially diminish value, and is an indictable offense under the common law of this country.

APPEAL from *Sebastian* Circuit Court, Greenwood District.

Hon. G. S. CUNNINGHAM, Judge.

*Dan W. Jones,* Attorney-General, for appellant.

The appellee was charged with malicious mischief in destroying a telephone line.   *Tr., 4 & 5.*   A demurrer to it was

sustained.  *Tr., 6.*  At the time the offense was committed the statute making such lines the subject of the offense charged was not passed.  But the malicious destruction of any class of property completes the offense at the common law.  In the case of *Loomis v. Edgerton, 19 Wend., 419,* it is said that a frequent reference to statute authority for this crime by no means showed that the common law did not already reach it.  See, also, *People v. Smith, 5 Cowen, 258.* In this case the object destroyed was of such a nature—being inanimate—that the appellee could have had no malice against it, but the wanton destruction charged supplies the place of express malice against the stockholders of the company and it was not necessary to charge express malice against them when the act set forth was equivalent to it.  It is unlike the cases where stock are concerned in breaking fences.  No special statute having provided for the punishment of destroying a telephone line, section 567, Mansfield's Digest, becomes operative.

BATTLE, J.  Levi Watts was indicted in the Sebastian circuit court, for the Greenwood district, for malicious mischief committed by him on the 10th day of February, 1885, in the Greenwood district, by then and there unlawfully, wilfully, maliciously and mischievously cutting, tearing down, injuring and breaking the telephone wire of the Fort Smith, Greenwood and Waldron Telephone Company, it being of the value of fifty-five dollars.  He demurred to the indictment, and the court sustained the demurrer and discharged him.

The only question in this case is, was the act charged in the indictment an indictable offense at common law? There was no statute making it a crime at the time it is alleged to have been committed.

It is difficult to state with minute precision, what is

necessary to constitute malicious mischief at common law. It has been so much legislated upon, and at such an early day, that its common law limits are indistinct. Blackstone classes it along with larceny and forgery, and, after treating of larceny, says: "Malicious mischief, or damage, is the next species of injury to private property which the law considers a public crime. This is such as is done, not *animo furandi*, or with an intent of gaining by another's loss, which is some, though a weak excuse, but either out of a spirit of wanton cruelty, or black and diabolical revenge, in which it bears a near relation to the crime of arson; for as that affects the habitation, so this does the other property of individuals. And therefore any damage arising from this mischievous disposition, though only *trespass* at common law, is now, by a multitude of statutes, made penal in the highest degree." And he then enumerates several statutes which elevated it to a felony.

Some judges, relying on this passage, and understanding the word "trespass" therein according to its modern signification, have denied that the offense of malicious mischief exists under the common law of this country. But, upon a careful reading, it is obvious that the word "trespass" is used by Blackstone in this passage in the sense of misdemeanor. It is used by him in various places in his Commentaries in that sense; as, where, speaking of officers who voluntarily suffer prisoners to escape, he says: "It is generally agreed that such escapes amount to the same kind of offense and are punishable in the same degree as the offense of which the prisoner is guilty, and for which he is in custody, whether treason, felony or trespass." And again, where he says: "In treason all are principals, *propter odium delicti;* in *trespass* all are principals, because the law, *quae de minimis non curat*, does not descend to

distinguish the different shades of guilt in petty misdemeanors." *1 Bishop on Crim. Law*, secs. *568*, *569*, *625*.

Without further discussion, it is sufficient to say that, according to the weight of authority and the better and prevailing opinion, the offense of malicious mischief exists under the common law of this country.

This offense includes all malicious physical injuries to the rights of another which impair utility or materially diminish value. " Thus, it has been considered an offense at common law to maliciously destroy a horse belonging to another; or a cow; or a steer; or any beast whatever which may be the property of another; to wantonly kill an animal where the effect is to disturb and molest a family; to maliciously cast the carcass of an animal into a well in daily use; to maliciously poison chickens; to fraudulently tear up a promissory note, or break windows; to maliciously set fire to a number of barrels of tar belonging to another; to maliciously destroy any barrack, or corn crib; to maliciously girdle or injure trees or plants kept either for use or ornament; to maliciously break up a boat; to maliciously injure or deface tombs; and to maliciously strip from a building copper pipes or sheeting." These illustrations serve to indicate what is malicious mischief, and the subjects of the offense. *Wharton on Crim. Law* [*19 Ed.*], secs. *1067*, *1076*, and authorities cited.

We are satisfied that the act charged in the indictment in this case constitutes the offense of malicious mischief; and that the demurrer to the same should have been overruled. The judgment of the court below is therefore reversed, and this cause is remanded, with instructions to overrule the demurrer and for other proceedings.