335 So.2d 826 (1976)
STATE of Florida, Appellant,
v.
Leonard David WEBB, Appellee.
No. 48471.
Supreme Court of Florida.
July 21, 1976.
*827 Robert L. Shevin, Atty. Gen., and Donna H. Stinson, Asst. Atty. Gen., for appellant.
Leonard David Webb, in pro. per.
ADKINS, Acting Chief Justice.
This is a direct appeal from the County Court in and for Leon County which held Fla. Stat. ch. 318, F.S.A., to be unconstitutional. We have jurisdiction pursuant to Fla. Const. art. V, § 3(b)(1), F.S.A.
The appellee was stopped on July 23, 1975, by a Tallahassee Police Officer. Appellee was driving his automobile without a valid inspection sticker and with an expired Georgia temporary driving permit. He was issued a uniform traffic ticket and complaint charging him with a violation of Fla. Stat. § 325.12, F.S.A. (driving a motor vehicle without a valid inspection certificate).
On September 8, 1975, appellee filed a "Motion for Directed Verdict of Not Guilty and Request for Permanent Restraining Order" and, in a separate document, amendments and additions to same. Appellee raised numerous constitutional challenges to the requirement of obtaining a valid inspection certificate, use of the uniform traffic ticket and complaint and the "Notification to Individual Charged with a Non Criminal Infraction" supplement to the uniform traffic ticket, the procedures followed in obtaining a hearing and the use of law enforcement officers to enforce the traffic laws of Florida. Among other things, the appellee asked for a directed verdict of not guilty or that the court provide for the appointment of a public defender and a trial by jury.
Appellee's motion was heard on October 1, 1975. Treating the appellee's motion as a "Motion for Dismissal" on the basis of a denial of appellee's constitutional rights to a jury trial as preserved by Fla. Const. art. I, § 22, F.S.A., the trial judge denied the motion for restraining orders but granted the motion to dismiss, finding that, in denying the right to a jury trial, Fla. Stat. ch. 318, F.S.A., was unconstitutional.
Under Fla. Stat. § 318.14(1), F.S.A., "any person cited for a violation of ... chapter 325, part II ... shall be deemed to be charged with a noncriminal infraction and shall be cited for such an infraction and cited to appear before an official." Appellee was charged with violating Fla. Stat. § 325.12, F.S.A., which falls within the provisions of part II of chapter 325 and is therefore classified as an infraction. Fla. Stat. § 318.13(3), F.S.A., defines "infractions" as follows:
"[A] noncriminal violation which is not punishable by incarceration for which there is no right to a trial by jury or a right to court appointed counsel."
Under chapter 318, several options are given the alleged offender by which a citation may be disposed of. The options include posting bond, payment of a specified penalty, an appearance before a hearing official or, under Rule 6.330 of the Florida Rules of Practice and Procedure for Traffic Courts, completion of a driver improvement course. In this case, appellee elected to appear before a hearing official and contest the alleged violation.
Decriminalization of traffic offenses, although new in Florida, has long been recommended as an alternative to the traditional procedures used in handling more serious criminal matters. Procedures now utilized pursuant to Florida's decriminalization law are now being used in at least 18 states and will probably be adopted by others in the future. Although such procedures *828 have not been constitutionally tested in most of the 18 states which have adopted decriminalization, in New York, where traffic offenses have been decriminalized in a few of the state's cities and are actually handled by an administrative agency, decriminalization has been challenged and declared constitutional. See Rosenthal v. Hartnett, 36 N.Y.2d 269, 367 N.Y.S.2d 247, 326 N.E.2d 811 (Ct.App. 1975). Rosenthal, however, dealt with issues not involved in this case and is of course not controlling in this Court.
In the case before us, the trial court's decision was predicated on the following portion of Fla. Const. art. I, § 22, F.S.A: "The right of trial by jury shall be secure to all and remain inviolate..." Our Constitution, which became effective upon Florida's admittance to the Union in 1845, has contained similar language throughout our history. Although this right has been carefully protected and enforced by this Court, it is not unlimited. It has long been established that this provision guarantees the right to trial by jury in only those cases in which the right was recognized at the time of the adoption of the State's first constitution. Tilton v. Horton, 103 Fla. 497, 137 So. 801 (1931); Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. 722 (1904); Hunt v. Jacksonville, 34 Fla. 504, 16 So. 398 (1895); Flint River Steam Boat Co. v. Roberts, 2 Fla. 102 (1848). It does not extend to those cases where the right and the remedy with it were unknown at the time of the adoption of the first constitution. Pugh v. Bowden, 54 Fla. 302, 45 So. 499 (1907).
Turning to the case before us, it seems obvious that the right to a trial by jury has never been constitutionally required for violations of Fla. Stat. § 325.12, F.S.A., or for any other traffic law violation. While it is true that jury trials were provided for prior to the enactment of Florida's decriminalization law, the right was a statutory one only; it has never been, and is not now, a constitutionally required right.
Although not controlling in this case, we note two lines of decisions concerning the trial of traffic violation cases prior to the decriminalization of traffic laws which have influenced our decision. Firstly, it has been well established that there is no constitutional right to a trial by jury for a violation of a municipal ordinance. State v. Hendricks, 309 So.2d 232 (Fla.App.4th 1975); Fort Lauderdale v. Byrd, 242 So.2d 494 (Fla.App.4th 1970). This is true of cases involving violations of municipal traffic ordinances, including those governing driving while intoxicated. Boyd v. Dade County, 123 So.2d 323 (Fla. 1960).
Finally, we are influenced by the fact that, even if this statute had not been decriminalized and still involved a criminal violation for which incarceration was a possible punishment, the right to a jury trial as provided by the sixth amendment of the United States Constitution would not apply. For although the sixth amendment has been held to apply to the states through the due process clause of the fourteenth amendment it has been recognized that there is a class of petty offenses, i.e., those which carry a maximum penalty of imprisonment for six months or less and a $500 fine or less, which may be tried summarily before a judge sitting alone without a jury. See Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Prior to the enactment of the decriminalization law the maximum penalty for a violation of Fla. Stat. § 325.12, F.S.A., as well as most other traffic law violations, ranged from a fine of not more than $100 or by imprisonment for not more than 10 days for a first conviction to a fine of not more than $500 and/or by imprisonment for not more than 60 days for a third or subsequent conviction within one year of the first conviction.
We therefore hold that, there being no right to a trial by jury for this traffic violation at the time of the adoption of Florida's first constitution, the denial of a *829 jury trial by chapter 318 is not prohibited by Fla. Const. art. I, § 22, F.S.A.
Accordingly, the decision of the trial court declaring Fla. Stat. ch. 318, F.S.A., unconstitutional is reversed and this cause is remanded for further proceedings.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.