OTT, Judge.
The state petitions for writ of certiorari to review the circuit court’s order reversing respondent LaValley’s county court conviction of a zoning violation for refusal to afford him a jury trial. We hold that there is no right to jury trial for offenses for which the maximum sentence is incarceration for 60 days or less, and we, therefore, grant the petition for writ of certiorari.
Upon being cited for violation of a Pinel-las County zoning regulation, respondent filed a plea of not guilty and request for trial. On the date set for trial, respondent appeared and indicated his desire for a jury trial. The trial court replied that respondent was not entitled to a jury trial and a bench trial followed. Respondent was found guilty of the violation charged and was fined $30.00.
Respondent appealed his conviction to the circuit court on the ground that he had been denied his constitutional right to a jury trial. The circuit court reversed, concluding that an accused has a right to a jury trial where there exists the possibility of incarceration for any period. The state now petitions for writ of certiorari to review the circuit court’s order.
A violation of a county ordinance is a misdemeanor the maximum sentence of imprisonment for which is 60 days. Section 125.69, Florida Statutes (1977).[1]
The Supreme Court of the United States held in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), that the Sixth Amendment, as applied to the states through the Fourteenth,' requires that defendants accused of serious crimes be afforded the right to trial by jury, but reaffirmed the long established view that so-called “petty offenses” may be tried without a jury. In Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Supreme Court established that offenses carrying a possible penalty of up to six months imprisonment were to be classified as “petty,” but that an offense carrying a maximum of more than six months is sufficiently “serious” to require an opportunity for jury trial. See also Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966).
In Boyd v. County of Dade, 123 So.2d 323 (Fla.1960), the Supreme Court of Florida followed the same “petty offense” logic as that of the United States Supreme Court and held that the right to jury trial guaranteed by the Florida Constitution does not obtain for violations of municipal ordinances carrying a maximum jail sentence of 60 days. Reaffirmed in State v. Webb, 335 So.2d 826 (Fla.1976). See also Aaron v. State, 284 So.2d 673 (Fla.1973).
The law is clear. Respondent was not entitled to a jury trial and the county court did not err in refusing him one. Accordingly, we grant the petition, quash the circuit court’s order of reversal and remand with instructions to reinstate the judgment and sentence entered by the county court.
GRIMES, C. J., and SCHEB, J., concur.

. The Pinellas County zoning regulations limit incarceration for a violation thereof to a maximum of 30 days.