362 So.2d 377 (1978)
Wayne Edward WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. GG-420.
District Court of Appeal of Florida, First District.
August 17, 1978.
Rehearing Denied September 27, 1978.
*378 David LaCroix, Sp. Public Defender, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Acting Chief Judge.
An appeal from a judgment and life sentence for first degree murder. There was abundant evidence that the elderly female victim was raped, then strangled to death. Appellant's fingerprints and bloody palm print were found on the wall of her apartment. He made a tape-recorded confession to officers after receiving Miranda warnings. Appellant presents several points.
The inadvertent references by witnesses to the prior "trial" and, on one occasion, to the Supreme Court's order for a new trial, Wheeler v. State, 344 So.2d 244 (Fla. 1977), were not equivalent to references to a prior judgment of guilt. Contrast Lawson v. State, 304 So.2d 522 (Fla. 3d DCA 1974). Appellant made no request during trial for curative instructions, although the court did so charge the jury when submitting the case.
No prejudicial error appears in the trial court's denial of appellant's challenge for cause of a prospective juror whom appellant later struck peremptorily. The prospective juror simply stated that she had great respect for police officers and that it would be difficult for her to believe that a police officer had testified untruthfully. That feeling did not disqualify the prospective juror. Moreover, little depended on the uncorroborated testimony and credibility of police officers, and any error in refusing to excuse the juror was harmless. Finally, appellant has not demonstrated that, as a result of his exhaustion of peremptory challenges, a juror served who would have otherwise been stricken by appellant. See Rollins v. State, 148 So.2d 274, 275-76 (Fla. 1963).
The trial court did not err in charging the jury that a killing perpetrated in the course of a rape is first degree murder. It is true, as appellant points out, that at the time of the offense there was no statute defining and proscribing "rape" as such. The 1974 Legislature had replaced the substantive offense of rape with that of sexual battery in various degrees. Chapter 74-121, Laws of Florida; Section 794.011, Florida Statutes (1977). Not until 1975, after appellant's offense but before his trial, did the legislature amend the murder statute, Section 782.04, to delete the obsolete term "rape" and substitute "sexual battery". Appellant argues that the state could not prove rape, as that offense no longer existed, and that the homicide statute did not make first degree murder of a killing in the perpetration of sexual battery. We reject *379 this argument. The homicide statute defines as first degree murder a killing with premeditation or its equivalent, namely, a killing during a violent felony from which premeditation to murder is presumed. In the latter case, premeditation to murder "is deemed proven by evidence of the accused's felonious conduct." Ables v. State, 338 So.2d 1095, 1097 (Fla. 1st DCA 1976), cert. denied, 346 So.2d 1247 (Fla. 1977). In its jury charge, the trial court properly described conduct which would have been "rape" prior to Chapter 74-121 and which, at the time of the offense, constituted "sexual battery" by force or violence. Irrespective of the technical name by which such conduct was then known and condemned by statute, premeditation is presumed by law if appellant killed his victim in the course of such conduct, and the result is first degree murder.
Appellant further contends that the M'Naghten rule of insanity, concerning which the trial court charged the jury, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. While it does not appear that the Supreme Court expressly decided this issue on Wheeler's previous appeal, we find no basis for Wheeler's assertion that this test of criminal responsibility unconstitutionally discriminates among similarly situated persons.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.