SHARP, Judge.
The state petitions for a writ of certiorari to review the order of a circuit court acting in its appellate capacity, which determined that respondent, Reed, was entitled to a jury trial in a county court on the charge of criminal mischief. Section 806.13, Florida Statutes (1983), provides that “a person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another.” Reed was accused of breaking a bank’s glass door panel, worth less than $200.00, when a teller refused to cash his check. The maximum penalty for this second degree misdemeanor is a term of imprisonment not exceeding sixty days[1] and/or a fine up to $500.00.[2] We have jurisdiction,[3] and because we think the circuit court departed from the essential requirements of law in ordering a jury trial, we issue the writ and quash the order. Combs v. State, 436 So.2d 93 (Fla.1983).
The circuit court relied primarily upon Florida Rule of Criminal Procedure 3.251 in ordering the jury trial. That rule provides: “In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury in the county where the crime was committed.” However, the rule tracks the language of Article I, section 16, of the Florida Constitution,[4] and there is nothing to indicate in the committee note thereto, the opinion of the Florida Supreme Court adopting the criminal rules, In Re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla.1973), or in any later discussion by our supreme court that rule 3.251 was intended to change or expand a criminal defendant’s right to jury trial under our state constitution. In various instances our state legislature has granted a right to jury trial in situations not reached by our state constitution. See §§ 316.1934(4), 932.61, Fla. Stat. (1983). We do not need to face the dilemma of answering whether the right to a jury trial is “substantive” or “procedural,” and thus within the province of the court’s rule making powers, because we think rule 3.251 was intended to implement, but not expand, the right to a jury trial as created by the State and Federal Constitutions, and our state statutes.
Reed argues that he has a right to jury trial under the Federal Constitution. The sixth amendment to the United States Constitution provides “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury....”, and article III, section 2 of the Constitution further states “The Trial of all Crimes ... shall be by Jury_” Despite this clear, inflexible mandate for jury trials in all criminal cases, the United States Supreme Court has held there is a class of petty offenses which may be tried without a jury. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The misdemeanor involved in this case carries a penalty of less than six months and a $500.00 maximum fine, and it is therefore within the federal definition of a petty offense. Hilliard v. City of Gainesville, 213 So.2d 689 (Fla.1968).
Florida’s Constitution contains language similar to the Federal Constitution. It also appears to mandate a jury trial for *1104 all criminal cases. Article I, section 16 of the Florida Constitution declares “In all criminal prosecutions the accused shall, upon demand, ... have the right ... to have a ... trial by impartial jury_”, and section 22 states: “The right of trial by jury shall be secure to all and remain inviolate.” [5] However, the Florida Supreme Court has consistently held that these constitutional provisions only secure the right to a jury trial in cases in which jury trials were provided for at common law, at the time of the adoption of the first Florida Constitution. Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398 (1894); see also Hilliard; Boyd v. County of Dade, 123 So.2d 323 (Fla.1960).
It appears that the crime of criminal mischief was not triable by a jury at common law.[6] Justice Frankfurter, in a law review article, quoting R. Burns, Justice of the Peace (1776), stated that the following crimes were summarily disposed of by justices of the peace in England:
laws relating to liquor, trade, manufacture, labor, smuggling, traffic on the highway, the Sabbath, ‘cheats’, gambling, swearing, small thefts, assaults, offenses to property....
Frankfurter, Petty Federal Offenses & The Constitutional Guarantee of Trial by Jury, 39 Harv.L.Rev. 917, 928 (1926).[7]
Reed argues that even if there was no right to a jury trial for a petty offense under the prior state constitutions, the revised constitution of 1968 affords him this right. The only history cited to us on the point of whether any substantive change or expansion of the right to jury was intended is not persuasive.[8] Nor do we find any decisions which address this question directly.
*1105 In State v. Webb, 335 So.2d 826 (Fla.1976), a person was charged with having violated section 325.12, Florida Statutes (1975), for driving a motor vehicle without a valid inspection certificate. The court held that there was no right to a jury trial for this offense under the state constitution. Justice Adkins pointed out that this was a non-criminal traffic infraction pursuant to section 318.14(1), Florida Statutes (1975), which was not punishable by incarceration. He went on to say, however, that even if this had been a traffic offense carrying its former penalty of ten to sixty days and/or a fine of $100.00 to $500.00, no jury trial would have been required.
Although this right [to a jury trial] has been carefully protected and enforced by this Court, it is not unlimited. It has long been established that this provision guarantees the right to trial by jury in only those cases in which the right was recognized at the time of the adoption of the State’s first constitution.... It does not extend to those cases where the right and the remedy with it were unknown at the time of the adoption of the first constitution, (citations omitted).
Id. at 828. The court adopted an interpretation of the state constitution, similar to the federal view that allows petty offenses to be tried without a jury. See Baldwin. This is consistent with its views in Boyd.
In another post-1968 case, Aaron v. State, 345 So.2d 641 (Fla.1977), the supreme court held that a person charged with attempting to influence a grand juror was not entitled to a jury trial. The trial court found Aaron guilty of criminal contempt, and sentenced him to four months in prison. The court adopted the federal rule that a court may try criminal contempt cases without juries where the sentence does not exceed six months. See Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).
The other district courts of appeal in Florida have consistently held that there is no right to jury trial for petty offenses under the state constitution. State v. La-Valley, 362 So.2d 303 (Fla. 2d DCA), appeal dismissed, 366 So.2d 882 (Fla.1978) (zoning violation carrying a penalty for a misdemeanor under section 125.69, Florida Statutes (1977)); City of Tampa v. Ippolito, 360 So.2d 1316 (Fla. 2d DCA 1978) (violation of municipal ordinance which was not same as state statute); City of Ft. Lauderdale v. Byrd, 242 So.2d 494 (Fla. 4th DCA 1970) (violation of city ordinances, which were identical with state statutes). In Powers v. State, 370 So.2d 854 (Fla. 3d DCA), cert. denied, 379 So.2d 209 (Fla.1979), the court held there was a statutory right to a jury trial under section 932.61, Florida Statutes (1977), for the violation of a city ordinance which was the same as a statutory offense. It did not base its holding on the state constitution or rule 3.251.
In the most recent case, State v. Whirley, 421 So.2d 555 (Fla. 2d DCA 1982), review granted, case no. 62,948, our sister court held that a person charged with the violation of section 316.193(1), Florida Statutes (1981), driving under the influence of alcohol, which was also in violation of a city ordinance, did not have the right to a jury trial unless the penalty which could be imposed took the offense out of the category of petty offenses, as defined by Baldwin. We find it impossible to distinguish the present case from Whirley.
Because of the weight of precedent, we hold that there is no right to jury trial in this case. However, we are impressed with the lack of clear authority on this question and the importance of the issue to the general public. Therefore we certify to the supreme court, as a question of great public importance, the following question:
DOES A CRIMINAL ACCUSED HAVE THE RIGHT TO A JURY TRIAL IN A COUNTY COURT FOR A PETTY OFFENSE CREATED BY STATE STATUTE, UNDER THE FLORIDA CONSTITUTION OR CRIMINAL RULE 3.251?
WRIT GRANTED; ORDER QUASHED.
DAUKSCH, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.

. § 775.082(4)(b), Fla.Stat. (1983).

. §§ 775.083(1), 775.083(l)(e), Fla.Stat. (1983).

. Fla.R.App.P. 9.030(b)(2)(B).

.This section provides in part: "In all criminal prosecutions the accused shall, upon demand ... have a speedy and public trial by impartial jury....”

. This right initially appeared in Florida’s first constitution adopted upon its admission to the Union in 1845. Similar provisions are found in the subsequent constitutions of 1861, 1865, 1868 and 1885.

. See Frankfurter, Petty Federal Offenses & The Constitutional Guarantee of Trial by Jury, 39 Harv.L.Rev. 917 (1926).

. Frankfurter points out that the English procedure was essentially adopted by the colonies. In support of that position, attached to the article were four appendices containing a list of the early laws of New York, Pennsylvania, Maryland and Virginia, respectively, listing the crimes in which there was no right to a jury trial for the offender. Three of the four states had listed crimes that dealt with malicious injury to property which were summarily disposed of. New York and Pennsylvania provided for summary disposition for the crime of breaking glass lamps. Pennsylvania also provided for summary disposition of the crime of breaking pump handles. Vjrginia dispensed with a jury trial for the crime of damaging tobacco warehouses. See also Boyd v. County of Dade, 123 So.2d 323, 330 n. 16 (Fla.1960).

. The following is the transcript of the committee’s meeting in regards to the wording of Article I, section 22:
MR. TAYLOR: The purpose of this amendment, Lady and Gentlemen of the Commission, is to eliminate the words with reference to the jury trial, as heretofore existed," and to substitute a provision that trial by jury shall be secured to all and remain inviolate.
Research discloses that the term "remain inviolate” has been habitually carried in the constitution of this state, and particularly in the early decisions it was given a very significant meaning by the courts, as meaning that the right of trial by jury as it existed in the common law should remain untouched and unchanged. So it is a more comprehensive and a m[ore] perfect preservation of the right of trial by jury as previously existed to use those two words, "remain inviolate,” than to say "as heretofore existed.”
And of course in either case it is necessary to carry forward the provision which is a change in the common law, to permit the reduction in the size of juries to six. I move you, sir, the adoption of the amendment.
CHAIRMAN SMITH: You have heard the motion. This is a substitute to the committee substitute for Amendment No. 33. Is there other comment?
MR. FRIDAY: Mr. Chairman, are we on the question of whether we shall consider it?
CHAIRMAN SMITH: Yes, sir.
MR. FRIDAY: Or whether it shall be adopted?
CHAIRMAN SMITH: Whether it shall be procedurally considered as a substitution. If you favor the motion you will now say aye.
COMMISSION MEMBERS: Aye.
CHAIRMAN SMITH: If you oppose it you’ll now say no.
(No response)
CHAIRMAN SMITH: The ayes have it. Constitutional Revision Commission, Committee Notes of the Constitutional Revision Committee Meeting, 246-247 (December 2, 1966).