470 So.2d 1382 (1985)
Howard REED, Petitioner,
v.
STATE of Florida, Respondent.
No. 65323.
Supreme Court of Florida.
May 2, 1985.
Rehearing Denied July 11, 1985.
Geoffrey B. Dobson of Meredith, Dobson, Ready and Reynolds, St. Augustine, for petitioner.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
This cause is before us on a certified question of great public importance. State v. Reed, 448 So.2d 1102 (Fla. 5th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner was charged with criminal mischief under section 806.13(2)(a), Florida *1383 Statutes (1981),[1] specifying that petitioner had willfully and maliciously broken a glass door panel of a St. Augustine bank, damage being less than $200. The charged offense is a second-degree misdemeanor punishable by a term of imprisonment not exceeding sixty days and/or a fine of up to $500. The county court refused to grant petitioner a jury trial but, in its appellate capacity, the circuit court determined that petitioner was entitled to a trial by jury. The circuit court reasoned that although petitioner was not entitled to a jury trial under Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), and Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), he was entitled to a jury trial because this Court had extended the right to a jury trial for petty offenses by adopting Florida Rule of Criminal Procedure 3.251. On further review, the district court granted a writ of certiorari quashing the circuit court order and certifying a question of great public importance to this Court:
Does a criminal accused have the right to a jury trial in a county court for a petty offense created by state statute, under the Florida Constitution or criminal rule 3.251?
Reed, 448 So.2d at 1105.
We first address the issue of our scope of review. Respondent urges that we limit our review to the certified question and not reach the issue of whether the United States Constitution grants petitioner the right to a jury trial. We decline to do so. First, our scope of review encompasses the decision of the court below, not merely the certified question. Hillsborough Association for Retarded Citizens, Inc. v. City of Temple Terrace, 332 So.2d 610 (Fla. 1976); Rupp v. Jackson, 238 So.2d 86 (Fla. 1970). Second, the court below addressed the right to a jury trial under the United States Constitution and properly so, since we have held "that the federal petty crime exception to the jury trial requirement in criminal prosecutions is also an exception under our own constitutional provisions." Whirley v. State, 450 So.2d 836, 839 (Fla. 1984).
Florida Rule of Criminal Procedure 3.251 provides "[i]n all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury... ." Contrary to the circuit court, the district court held that this language merely tracks the language of article I, section 16 of the Florida Constitution and does not change or expand a criminal defendant's right to jury trial under our state constitution. We agree with the district court reasoning on this point and so hold.
On their face, article III, section 2 and the sixth amendment of the United States Constitution appear to mandate that defendants have an unrestricted right to jury trials in all criminal prosecutions.[2] Nevertheless, the district court correctly recognized that there is a class of petty offenses which may be tried without a jury. Baldwin; Duncan. However, the district court then went on to hold that Baldwin and Duncan establish a brightline test between serious and petty crimes: serious crimes have a maximum penalty of more than six months' imprisonment or more than a $500 fine, and petty offenses have a maximum penalty of six months' or less imprisonment or a $500 or less fine. In support, the district court cited Hilliard v. City of Gainesville, 213 So.2d 689, 691 (Fla. 1968), where we stated that "the U.S. Supreme Court has defined `petty offenses' as those punishable by not more than six months imprisonment and a $500.00 fine. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966)." Since Cheff and Hilliard issued, the United *1384 States Supreme Court has issued Baldwin, wherein the Court appeared to modify, or at least clarify, its view on the demarcation line between serious and petty crimes. As we read the plurality opinion in Baldwin, imprisonment of more than six months is sufficiently severe to elevate the offense to the serious crime category.[3] However, the converse is not true: a maximum penalty of less than six months does not necessarily place a crime in the petty crime category. There are also other criteria relating to the nature of the crime which might elevate it into the serious crime category. See Baldwin 399 U.S. at 68-9 n. 6, 90 S.Ct. at 1887-8 n. 6.
The district court below did not have the benefit of Whirley wherein we enumerated four classes of serious crimes:
crimes that were indictable at common law, Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); crimes that involve moral turpitude, Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904); crimes that are malum in se, or inherently evil at common law, District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); and crimes that carry a maximum penalty of more than six months in prison. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
Whirley, 450 So.2d at 838. Thus, although the severity of the maximum authorized penalty is the most obvious criterion in determining whether a crime is a serious crime, there are other criteria which, if met, will mandate that the accused be granted the right to a jury trial. The Court, in District of Columbia v. Colts, 282 U.S. 63, 73, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930), put the question well: "[w]hether a given offense is to be classed as a [serious] crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense." This view is compatible, but not congruent, with our reading of the Florida Constitution which recognizes the right to trial by jury in those cases "in which the right was recognized at the time of the adoption of the State's first Constitution." State v. Webb, 335 So.2d 826, 828 (Fla. 1976) (citations omitted).[4]
We turn then to the dispositive question: was criminal mischief indictable at common law? The offense of criminal mischief is rooted in the common law offense of malicious mischief. Wharton's Criminal Law, § 485 (14th ed. 1981). In Florida, malicious mischief was codified and eventually relabeled as criminal mischief.[5] The conclusion is inescapable. As this word "malicious" suggests, the offense is malum in se and was, thus, indictable at common law. District of Columbia v. Colts; Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); State v. Watts, 48 Ark. 56, 2 S.W. 342 (1886); 38 C.J. Malicious Mischief, § 1 at 357 (1925 edition); and Baldwin.
We recast the certified question for consonance with the facts and issue of the case: Does the accused in a criminal mischief prosecution have a right under the Florida and United States Constitutions to a jury trial? For the reasons set forth above, we answer in the affirmative. The decision of the district court is quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
*1385 ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs specially with an opinion.
BOYD, C.J., concurs in result only with an opinion.
SHAW, Justice, concurring specially.
Although I concur in the majority decision, I believe for the reasons set forth below that we should reexamine our approach to the right to trial by jury and attempt to provide more rational criteria which will reinvigorate the provisions of article I, sections 16 and 22 of the Florida Constitution.
Historically, this Court has taken a narrow view of the right to trial by jury set forth in article I, section 22:
It has long been established that this provision guarantees the right to trial by jury in only those cases in which the right was recognized at the time of the adoption of the State's first constitution. Tilton v. Horton, 103 Fla. 497, 137 So. 801 (1931); Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. 722 (1904); Hunt v. Jacksonville, 34 Fla. 504, 16 So. 398 (1985); Flint River Steam Boat Co. v. Roberts, 2 Fla. 102 (1848). It does not extend to those cases where the right and the remedy with it were unknown at the time of the adoption of the first constitution. Pugh v. Bowden, 54 Fla. 302, 45 So. 499 (1907).
State v. Webb, 335 So.2d 826, 828 (Fla. 1976). In my view there are serious flaws in this reading of our state constitution. First, it unnecessarily freezes the development of the constitutional right to trial by jury to "only those cases in which the right was recognized at the time of the adoption of the State's first constitution." Id. (emphasis supplied). Under this approach the constitutional right atrophies and the right becomes increasingly less effectual as new criminal offenses are enacted into statutes for which there is no statutory right to trial by jury. See Justice Overton's specially concurring opinion to Whirley v. State, 450 So.2d 836, 839 (Fla. 1984), expressing the view that although there was no constitutional right to trial by jury for traffic offenses or criminal contempt the legislature should provide a statutory right.
Our reading of the Florida Constitution forces courts to immerse themselves into historical research of obscure and poorly documented nuances of English common law on an offense-by-offense basis. In my view this research produces ambivalent answers, at best, and does not fully serve the purpose of the right to jury trial provisions of the constitution. At common law offenses were indictable and the right to trial by jury granted because society regarded an offense as malum in se. Over periods of time, society's opinion of malum in se changes. In contemporary times, a societal decision that an offense is malum in se is expressed by enactment of a statute defining the crime with an appropriately severe penalty. Conversely, a decision that an offense is no longer malum in se is expressed in statutory enactments which either decriminalize the offense or treat it as a petty offense with an appropriately mild penalty. The right to trial by jury grounded on society's view of malum in se should be permitted to evolve with society's changing views.
Our view of the Florida Constitution increasingly diverges from the reading given to identical rights in the United States Constitution by the United States Supreme Court.[1] Both courts start from the same fundamental premise: the authors of the constitutional provisions protecting the right of the criminal accused to trial by jury had in mind the right as it was enjoyed at the time the constitutions were adopted. However, because the two courts use different approaches in determining what those same rights are, different results are obtained. Predictably, because the United States Supreme Court takes a broad view which applies the constitutional right to *1386 contemporary crimes and attitudes and we take a narrow view fixed in the last century, our state constitutional right has lost much of its relevancy. It might be said that this state of affairs is satisfactory since the right is adequately protected by the United States Constitution, but I am uncomfortable when such a fundamental right is not fully protected by both the state and federal constitutions.
The United States Supreme Court takes the view that the founding fathers had in mind "serious" crimes when they wrote the provisions granting the accused in a criminal prosecution the right to trial by jury. Under this view, the right is not granted when the crime is petty. This generic approach provides the necessary flexibility to adjust the constitutional right to contemporary circumstances. The Court looks at the seriousness with which society regards the crime and seeks to establish objective criteria to distinguish between serious and petty crimes.[2] In Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Court applied the contemporary standard as reflected in the legislatively prescribed maximum penalty, and concluded "that no offense can be deemed `petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." Id. at 69, 90 S.Ct. at 1888.
Contrast the United States Supreme Court's view of the United States Constitution with our reading of the Florida Constitution wherein length of imprisonment is irrelevant. Under our reading of the Florida Constitution, an accused could receive life imprisonment without having the right to a trial by jury if the right did not exist at the time of the adoption of the state's first constitution.
The origin of our present reading of the Florida Constitution's right to trial by jury, which emphasizes the "remain inviolate" language of article I, section 22, to the neglect of article I, section 16 which affirmatively grants the right to trial by jury in all criminal prosecutions, can be found in Flint River Steam Boat Co. v. Roberts, Allen and Co., 2 Fla. 102 (1848). This case involved the right to a trial by jury in a civil case.[3] Accordingly, we relied on article I, section 6 of the Constitution of 1838 ("That the right of trial by jury, shall for ever remain inviolate") and did not address section 10 of article I which affirmatively stated "[t]hat in all criminal prosecutions, the accused hath a right to ... a speedy and public trial, by an impartial jury... ." We reasoned that "remain inviolate" secured the right to trial by jury as it was enjoyed before the adoption of the constitution:
The Constitution says "the right of trial by jury shall forever remain inviolate," that is (as is very evident) the right shall (in all cases in which it was enjoyed when the Constitution became binding and obligatory) continue unchanged. It shall "remain inviolate."
Id. at 114 (emphasis supplied). This emphasis on "cases" and "remain inviolate," proper though it was in Flint River, was to have unfortunate consequences when it *1387 came to be applied to criminal prosecutions. Forty-six years later, we addressed the issue in a criminal case, Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398 (1894). Inexplicably, petitioner Hunt never urged the applicability of article I, section 11 of the constitution of 1885 which provided the right to a trial by jury in all criminal prosecutions. Instead, he argued and the Court addressed only article I, section 3 of the constitution which provided that the right to trial by jury shall remain inviolate. We concluded that penalties for the violation of municipal ordinances were generally trivial, that section 3 did not extend the right to trial by jury in such cases, and that the right did not exist prior to the adoption of the Florida Constitution. Although the Hunt decision did not rely in total upon the triviality of the penalty, the decision foretells Baldwin by recognizing that trivial penalties for the violation of municipal offenses are a criteria for determining whether the right to trial by jury exists. Had we later followed this approach and looked to section 11, in criminal prosecutions, we would today be using the same generic classes of "serious" and "petty" crimes as used by the United States Supreme Court and there would be no divergence between the Florida and United States Constitutions on the right to trial by jury. The approach we actually adopted forces an unfortunate offense-by-offense inquiry based on the right to jury trial remaining inviolate.
For the above reasons I would adopt the generic class of crimes approach used by the United States Supreme Court in determining whether there is a right to a jury trial in criminal prosecutions. I believe that this approach is easier to apply than the current approach and more accurately reflects the intentions of the drafters of our state constitution.
BOYD, Chief Justice, concurring in the result.
I concur in the decision of the Court that petitioner is entitled to a jury trial on the charge of criminal mischief. I do not join in the Court's reasoning, however, because in my view the right is guaranteed by article I, section 16 of the Florida Constitution in all criminal prosecutions. See Whirley v. State, 450 So.2d 836, 840-42 (Fla. 1984) (Boyd, J., dissenting).
I agree with the view of Justice Shaw that the Court's approach to the problem of when there is a right of jury trial is unsatisfactory. It makes little sense to limit the Florida constitutional guaranty to cases in which the right was recognized at the time of adoption of Florida's first constitution. It is needlessly burdensome to require courts to inquire into whether the crimes in question were punishable under ancient principles of common law. Justice Shaw's is a more practical approach. Regardless of the merits of the two methods of determination, however, I adhere to my view that the Florida Constitution guarantees trial by jury in all criminal prosecutions.
Comparing this case with Whirley, I fail to see why a person accused of breaking a window is entitled to a jury trial while one accused of the serious and life-threatening offense of operating a motor vehicle with an unlawful blood alcohol level is not.
NOTES
[1] The alleged offense occurred on March 29, 1983. The charge should have been under section 806.13(1)(b)(1), Florida Statutes (Supp. 1982).
[2] In pertinent part, article III, section 2 reads "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury... ." In pertinent part the sixth amendment reads "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury... ."
[3] Justices Black and Douglas, concurring in the judgment, would have gone further and simply abolished the distinction between serious and petty crimes by granting the right to a jury trial for all crimes. See Justice Black's concurring in judgment opinion, 399 U.S. at 74, 90 S.Ct. at 1891.
[4] Article I, sections 16 and 22 provide respectively, in pertinent part:

In all criminal prosecutions the accused ... shall have the right ... to have a speedy and public trial by impartial jury... . and
The right of trial by jury shall be secure to all and remain inviolate.
[5] It is not necessary to recount every step in the evolution. The key steps are seen in Laws of Florida (1868), subchapter 4, sections 61-8, 70, 71, 79 and subchapter 8, section 28; section 822.18 Florida Statutes (1973); and section 806.13, Florida Statutes (Supp. 1974).
[1] The right to trial by jury in criminal prosecution is contained in article III, section 2 and the sixth amendment to the United States Constitution.
[2] Serious crimes include: crimes that were indictable at common law, Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); crimes that involve moral turpitude, Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904); crimes that are malum in se, or inherently evil at common law, District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); and crimes that carry a maximum penalty of more than six months in prison, Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). Whirley v. State, 450 So.2d 836, 836 (Fla. 1984).
[3] Significantly, the plaintiff-in-error asserted that the right to trial by jury was protected by the seventh amendment to the United States Constitution: "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved... ." We did not address this argument inasmuch as the seventh amendment was not applicable to the states and our own constitution (article I, section 6) protected the right to jury trial in civil suits. What this shows, however, is that article I, section 6 and its successors are the state counterpart to the seventh amendment but neither adds to nor detracts from the right enjoyed in criminal prosecutions which is protected elsewhere.