DELL, Judge.
Petitioner erroneously filed a notice of appeal from an order of the circuit court affirming an order of the county court adjudicating petitioner guilty of retail theft, section 812.014, subds. 1(a) and 2(c), Florida Statutes (1985), and sentencing her to six months probation and a three-hundred-dollar fine. By previous order of court we denied respondent’s motion to dismiss and decided that this appeal should be treated as a petition for common law certiorari.
Petitioner was arrested for the alleged theft of a blouse having a value of less than one hundred dollars, a misdemeanor offense. The county court denied petitioner’s request for a jury trial and found her guilty as charged. On appeal, the circuit court held that she was not entitled to a jury trial and that the judgment was supported by the evidence. Appellant contends that the circuit court erred by denying her request for oral argument, by finding that the record contained sufficient evidence to support the conviction and, by failing to hold that she was entitled to a jury trial.
We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B) to review the decision of the circuit court. However our review is limited to a determination of whether the circuit court followed procedural due process and observed the essential requirements of law. See Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980), review denied, 399 So.2d 1140 (Fla.1981); Deerfield v. Vaillant, 419 So.2d 624 (Fla.1982).
The circuit court did not depart from the essential requirements of law when it denied appellant’s request for oral argument. We will not review the circuit court’s decision on the sufficiency of the evidence because the circuit court found that the record contained sufficient evidence to support the county court’s judgment and the record before us contains evidence which furnishes a basis for that determination.
However we find that the circuit court departed from the essential requirements of law when it held that appellant was not entitled to a jury trial. In Reed v. State, 470 So.2d 1382 (Fla.1985), the supreme court held that an accused charged with criminal mischief, a second degree misdemeanor punishable by a term of imprisonment not exceeding sixty days and/or a fine of up to five hundred dollars, had a right under the Florida and United States Constitutions to a jury trial. The court stated:
As we read the plurality opinion in Baldwin, imprisonment of more than six months is sufficiently severe to elevate *438 the offense to the serious crime category. However, the converse is not true: a maximum penalty of less than six months does not necessarily place a crime in the petty crime category. There are also other criteria relating to the nature of the crime which might elevate it into the serious crime category. See Baldwin [v. New York,] 399 U.S. [66] at 68-9 n. 6, 90 S.Ct. [1886] at 1887-8 n. 6 [26 L.Ed.2d 437 (1970)].
The district court below did not have the benefit of Whirley [v. State, 450 So.2d 836 (Fla.1984)] wherein we enumerated four classes of serious crimes:
crimes that were indictable at common law, Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); crimes that involve moral turpitude, Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904); crimes that are malum in se, or inherently evil at common law, District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); and crimes that carry a maximum penalty of more than six months in prison. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
Whirley 450 So.2d at 838. Thus, although the severity of the maximum authorized penalty is the most obvious criterion in determining whether a crime is a serious crime, there are other criteria which, if met, will mandate that the accused be granted the right to a jury trial. The Court, in District of Columbia v. Colts, 282 U.S. 63, 73, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930), put the question well: “[w]hether a given offense is to be classed as a [serious] crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense.” This view is compatible, but not congruent, with our reading of the Florida Constitution which recognizes the right to trial by jury in those cases “in which the right was recognized at the time of the adoption of the State’s first Constitution.” State v. Webb, 335 So.2d 826, 828 (Fla.1976) (citations omitted).
Id. at 1384 [Footnotes omitted].
The court concluded that criminal mischief should be considered in the serious crime category because it was rooted in the common law offense of malicious mischief and “[a]s this word ‘malicious’ suggests, the offense is malum in se and was, thus, indictable at common law.” Id. at 1384. The crime of retail theft has its origin in the offense of larceny which the common law recognized as a “malum in se” crime. See Driggers v. State, 96 Fla. 232, 118 So. 20 (1928), and Coleman v. State, 119 Fla. 653, 161 So. 89 (1935). Therefore we hold that the circuit court departed from the essential requirements of law when it failed to follow Reed v. State and affirmed the county court’s denial of petitioner’s request for a jury trial. We find no merit in the state’s argument that we should not apply Reed to this case because appellant made her demand for a jury trial before the supreme court issued its opinion.
The decisional law in effect at the time an appeal is decided governs the issues raised on appeal, even where there has been a change of law since'the time of trial.
Wheeler v. State, 344 So.2d 244 (Fla.1977), affirmed after remand, 362 So.2d 377 (Fla. 1st DCA 1978), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979).
Accordingly we quash the circuit court’s order affirming the judgment and sentence and remand this case for further proceedings not inconsistent with this opinion.
CERTIORARI GRANTED.
GLICKSTEIN and STONE, JJ„ concur.