## SECONHOUSE v STATE OF FLORIDA

Case No. 85-329 AC (County Court Case No. 85-58978)

Eleventh Judicial Circuit, Appellate Division, Dade County

June 8, 1987

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Marti Rothenberg,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Richard L. Kaplan,** Assistant Attorney General, for appellee.

Before NADLER, SALMON, ROBINSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The appellant (defendant below) was found guilty as charged by information of issuing a worthless check, a second degree misde-

meanor, in violation of § 832.05(2)(a), Fla. Stat. (1983). He was adjudicated guilty and sentenced to jail for sixty days, with a fine of $500.00.

On appeal, the appellant submits three questions to this Court. This Court views one question as dispositive of the entire case.

The appellant raises the issue that the trial court erred in denying his request for a jury trial where the offense for which he was charged, issuing a worthless check, falls into the classes of crimes delineated by the Florida Supreme Court as requiring a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 22 of the Florida Constitution.

The fact disclose that the appellant, in writing, demanded a trial by jury on October 2, 1985; on October 31, 1985, however, a non-jury trial was held in the County Court. The transcript of the proceedings below show that appellant, though represented by counsel, proceeded to a non-jury trial without disclosure that a jury trial had been demanded. The record is otherwise silent regarding this issue. Appellant now contends that the denial of a trial by jury, after he requested such, was error requiring reversal of the lower Court's decision.

The appellant relies on *Reed v. State*, 470 So.2d 1382 (Fla. 1985), which held that a defendant accused of criminal mischief, a second degree misdemeanor punishable by sixty days in jail, is entitled to a jury trial under the Federal and Florida Constitutions. *Reed* held that crimes indictable at common law, crimes involving moral turpitude and crimes which are malum in se are all crimes requiring a right to trial by jury. Since the offense with which the appellant was charged fits all three definitions, the Florida Supreme Court in *Reed* expressly rejected the contention that the right to a jury trial depends upon whether the penalty for the crime exceeds six months incarceration. Thus, even though appellant was sentenced for sixty days in jail, he still had a right to a jury trial under *Reed's* holding.

The appellee, in its answer to appellant's initial brief does not address the issue raised by *Reed*, but instead argues that the appellant waived his right to a jury trial below, therefore no reversal of the lower Court's decision is warranted.

The State relies on *Dumas v. State*, 439 SO.2d 246 (Fla. 3d DCA 1983), which held that a waiver of a right to a jury trial need not be executed in open court. In *Dumas* however, the record evidence showed information which was stamped "waived trial by jury with consent of the State" with defendant's signature attached. Based on this, the Court held that there was sufficient evidence to support a

166

finding of defendant's effective waiver of the constitutional right to a jury trial. Distinguishing *Dumas* from the present situation, there is no "evidence" in this record evidencing that appellant waived his right to a jury trial below.

The appellant argues that the record does not affirmatively show a valid written waiver of his constitutional right to a trial by jury, as required by well-established Florida law, and the failure of the trial Court to afford the appellant a trial by jury was Constitutional error mandating reversal of the case.

Rule 3.260, Fla. R. Crim. P., specifically requires that a waiver of jury trial by the defendant must be in writing and that the State must consent. The Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 22, of the Florida Constitution guarantee to a criminal defendant the right to a trial by jury and a defendant may not be deprived of this fundamental Constitutional right without an intelligent, voluntary and knowing waiver of that right.

No evidence from the record shows that such a written waiver of a jury trial was filed, and the record is mute as to information showing that the appellant, through his counsel's advice, made an intelligent, voluntary and knowing waiver of his right to a jury trial. Upon analyzing the State of Florida's arguments, none seem to support a finding that appellant effectively waived his right to a jury trial.

Based on this finding, the failure of the trial Court below to afford the defendant a trial by jury was Constitutional error requiring reversal.

Reversed and remanded for a new trial.