675 So.2d 696 (1996)
David WEBER, Petitioner,
v.
CITY OF FORT LAUDERDALE, Respondent.
No. 94-3147.
District Court of Appeal of Florida, Fourth District.
June 26, 1996.
*697 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for petitioner.
Dennis E. Lyles, City Attorney, and Robert Scott Walker, Assistant City Attorney, Fort Lauderdale, for respondent.
PARIENTE, Judge.
In this certiorari proceeding, petitioner (defendant) seeks review of an amended final order of the circuit court entered in its appellate capacity which upheld the county court's denial of defendant's request for a trial by jury for violations of municipal ordinances, including criminal mischief. We grant the petition as to the conviction for criminal mischief because the circuit court departed from the essential requirements of law resulting in a miscarriage of justice by failing to recognize defendant's right to a jury trial for the crime of criminal mischief under both the United States and Florida Constitutions as set forth in Reed v. State, 470 So.2d 1382 (Fla.1985).
Defendant was charged with four municipal ordinance violations: criminal mischief, battery, disorderly conduct and trespass. Each offense is punishable by a fine not exceeding $500 and/or by imprisonment for a term not exceeding 60 days. The county court certified that if defendant were convicted, the county court would impose no jail time nor would it adjudicate defendant guilty. Following a nonjury trial, the county court found defendant guilty on all charges. The county court withheld adjudication and sentenced defendant to consecutive sentences of six months probation with special conditions of community service and no contact with the victims.
In his appeal to the circuit court, defendant challenged the county court's refusal to grant his request for a jury trial as violative of his Sixth Amendment right to trial by jury. In affirming the county court's convictions, the circuit court held that defendant was not entitled to a jury trial because each of the violations was statutorily limited to a maximum fine of $500 or a prison term of 60 days and because prior to trial the circuit court certified no adjudication and no incarceration in the event of a conviction. The circuit court reasoned that because the concept of withholding adjudication was a concept "alien to common law," section 918.0157, Florida Statutes (1993), which sets forth the procedures by which a court may try a criminal offense nonjury, supplanted common law rights.
Under section 918.0157, a defendant being prosecuted for a violation of a state law or a municipal ordinance has a right to trial by jury:
[E]xcept as to any such prosecution for a violation punishable for a term of imprisonment of 6 months or less, if at the time the case is set for trial the court announces that in the event of conviction of the crime as charged or of any lesser included offense a sentence of imprisonment will not *698 be imposed and the defendant will not be adjudicated guilty, unless a right to trial by jury for such offense is guaranteed under the State or Federal Constitution.

(Emphasis added).
Contrary to the circuit court's interpretation, the explicit language of the statute specifically provides that even if adjudication is withheld, a defendant still enjoys a right to jury trial if guaranteed by the state or federal constitution. Further, although the legislature, by specific statutory enactment, may be able to supplant common law rights, the legislature cannot override constitutional rights guaranteed by our state or federal constitution. Embodied in the timehonored principles of statutory construction is the critical principle that "[w]henever possible, a statute should be construed so as not to conflict with the constitution." State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994)(quoting Firestone v. News-Press Publishing Co., 538 So.2d 457, 459-60 (Fla.1989)).
A reasonable reading of the plain language of the statute supports the view that the legislature did not intend to eliminate constitutional rights. If we were to interpret the statute in the manner set forth by the circuit court, the phrase "unless a right to trial by jury for such offense is guaranteed under the State or Federal Constitution" would be rendered meaningless. "It is a fundamental rule of construction that statutory language cannot be construed so as to render it potentially meaningless." Ellis v. State, 622 So.2d 991, 1001 (Fla.1993).
Lastly, we are construing a statute addressing a defendant's right to a jury trial in a criminal proceeding. Thus, in addition to the above principles of statutory construction is the principle that penal statutes are to be strictly construed in a manner most favorable to the accused. See Overstreet v. State, 629 So.2d 125, 125 (Fla.1993)(citing Perkins v. State, 576 So.2d 1310 (Fla.1991)).
The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." Although this language appears to mandate an unrestricted right to jury trials in all criminal prosecution, see Reed, 470 So.2d at 1383, the United States Supreme Court has recognized that there is a class of petty offenses that may be tried without a jury. See Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).
Our supreme court explained in Reed that, pursuant to United States Supreme Court precedent, while the severity of the maximum penalty is the most obvious criterion in determining whether a crime is a serious crime, there is no "brightline" test based on the maximum penalty. Reed, 470 So.2d at 1383. While a penalty of more than six months is sufficiently severe to elevate an offense to the serious crime category, a penalty of less than six months does not necessarily place an offense in the petty crime category. Id. at 1384. Although the severity of the maximum authorized penalty is the "most obvious criterion," there are other criteria "relating to the nature of the crime which might elevate it into the serious crime category." Id.
Our supreme court has enumerated four categories of serious crimes for which a jury trial is guaranteed by the United States Constitution: 1) crimes that were indictable at common law; 2) crimes that involve moral turpitude; 3) crimes that are malum in se or inherently evil; and 4) crimes that carry a maximum penalty of more than six months in prison. Id. (citing Whirley v. State, 450 So.2d 836, 838 (Fla.1984)). Thus, the nature of the offense is a primary criterion. The Florida Constitution also recognizes the right to trial by jury in those cases in which the right was recognized at the time of the adoption of the State's first constitution. Id. (citing State v. Webb, 335 So.2d 826, 828 (Fla. 1976)).
In concluding that defendant did not have the right to a jury trial, the circuit court distinguished Reed because the defendant in Reed faced adjudication. However, our supreme court's recognition of the defendant's constitutional right to a jury trial in Reed for the offense of criminal mischief turned on the nature of the offense and not the nature of the penalty.
*699 Our supreme court concluded in Reed that because criminal mischief was rooted in the common law offense of malicious mischief and because malicious mischief is malum in se and indictable at common law, the defendant had a right to trial by jury guaranteed by the United States Constitution and the Florida Constitutionregardless of the penalty. Following the reasoning of Reed and its progeny, defendant's constitutional right to trial by jury in this case springs from the nature of the offense and not the nature of the penalty. Withholding of adjudication, which affects the penalty for criminal mischief, does not eliminate defendant's right to a jury trial because both the Florida and United States Constitutions grant him this right when tried for criminal mischiefan offense which is malum in se and indictable at common law. See also Rodriguez Sanchez v. State, 503 So.2d 436 (Fla. 4th DCA 1987); Antonacci v. State, 504 So.2d 521 (Fla. 5th DCA 1987).
While defendant was entitled to a jury trial on the criminal mischief charge, we agree with the City's position that the aggregation of maximum penalties alone would not provide a basis for mandating a jury trial on the remaining offenses. As we noted in City of Fort Lauderdale v. Byrd, 242 So.2d 494, 497 (Fla. 4th DCA 1970):
If one offense is "petty" for purposes of the jury trial provisions of the Sixth Amendment, it does not become "serious" merely because it is tried in conjunction with other petty offenses. The joinder of offenses for purposes of trial is a procedural device designed to promote efficiency and has nothing to do with the nature of the individual offense as serious or petty.
Accordingly we grant the petition in part and quash the decision to the extent it denies defendant a constitutionally guaranteed right to a trial by jury on the criminal mischief charge. We do not disturb the convictions on the remaining charges.
GLICKSTEIN and FARMER, JJ., concur.